(110 App. Div. 440)

### CONNER v. WETMORE.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. MALICIOUS PROSECUTION—EVIDENCE—ADMISSIBILITY—PROBABLE CAUSE.

In an action for malicious prosecution, consisting of the suing out of a search warrant, it was error to sustain an objection to a question to defendant as to whether, at the time he lodged the information, he believed that he had probable cause.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, § 136.]

**2. SAME.**

In an action for malicious prosecution, consisting of the suing out of a search warrant, it was error to sustain an objection to a question to defendant as to what he relied on at the time that he instituted the proceeding.

**3. SAME—WANT OF PROBABLE CAUSE—MALICE—CONCURRENCE—NECESSITY.**

An action will not lie for malicious prosecution, if defendant had probable cause, though he was actuated by malice.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 20, 21.]

**4. SAME—EVIDENCE—ADMISSIBILITY.**

In an action for malicious prosecution, consisting of the suing out of a search warrant, it appeared that a police officer was detailed to investigate the alleged theft, and that he suggested that a search warrant be issued, whereupon defendant and the officer procured the warrant. *Held*, that it was error not to permit defendant to prove by the officer what was said by him to the clerk of the court at the time the warrant was asked for and in the presence of defendant.

Appeal from Trial Term, Monroe County.

Action by Gertrude Conner, by Sarah E. Conner, her guardian ad litem, against George M. Wetmore. From a judgment in favor of plaintiff, and from an order denying a moti.._i for a new trial, defendant appeals. Reversed.

The action was commenced on the 13th day of June, 1904, to recover damages claimed to have been sustained by the plaintiff on account of having been charged by the defendant with having stolen property in her possession, and because he procured a search warrant to be issued by the police justice of the city of Rochester, N. Y., and caused her home or residence to be searched, all, as alleged, without probable cause and with malice.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Walter S. Hubbell, for appellant.

Charles Van Voorhis, for respondent.

McLENNAN, P. J. On the 23d day of February, 1904, the defendant made an affidavit and presented the same to the police justice of the city of Rochester, N. Y., in which he stated that a quantity of shoe polish, the property of the American Chemical Manufacturing & Mining Company, of which he was president, had been stolen, and that the same was in the possession of the plaintiff at her home or residence in said city, and he asked that a search warrant issue for the recovery of said property. A warrant was accordingly issued and the residence of the plaintiff searched. No stolen property was found, and the proceedings were terminated favorably to the plaintiff; the defendant or no one in his behalf appearing against her. Thereupon this action was brought. We deem it unnecessary to refer to the evidence in detail, as it is clearly of such a character as to require the submission of the questions of probable cause and of malice to the jury, and such as to establish a cause of action in plaintiff's favor in case those two issues are determined favorably to her. We consider, however, that certain exceptions taken upon the trial to the exclusion and admission of evidence present such errors as to require a reversal of the judgment and order appealed from.

When the defendant was being examined as a witness in his own behalf, and after he had detailed his acts and the circumstances in connection with the procurement of the search warrant, he was asked:

"Q. Mr. Wetmore, at the time you lodged the information for this search warrant before the police magistrate of the city of Rochester, did you believe that you had probable cause for the institution and prosecution of the proceeding?"

This question was objected to, and the objection sustained, and exception duly taken. He was also asked:

"Q. Upon what did you rely at the time you instituted this search warrant proceeding?"

Upon plaintiff's objection the defendant was also precluded from answering that question, to which exception was taken. We think both questions were competent and material. If the first question had been answered in the affirmative, the defendant would only have said in substance that he believed the charges made by him were true; that he believed the information which he received, connecting the plaintiff with the stolen property, was true, trustworthy, and reliable. "Probable cause does not necessarily depend upon the actual guilt of the person prosecuted, but may rest upon the prosecutor's belief in his guilt, when based upon reasonable grounds. One may act upon what appears to be true, even if it turns out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief as reasonable." Burt v. Smith, 181 N. Y. 1, 73 N. E. 495. "He [the defendant] was at liberty to prove that he acted in good faith and with an honest intention and upon reasonable grounds of suspicion." Goodman·v. Stroheim, 36 N. Y. Super. Ct. 216. In McKown v. Hunter, 30 N. Y. 625, it was held to be reversible error to refuse to permit the defendant to state that, when he made the charge, he believed the plaintiff was guilty of the offense imputed to him. In Bennett v. Smith, 23 Hun, 50, which was an action of libel, it was held error not to permit the defendant to state why he wrote the article. We think it was also error not to have permitted the defendant to state upon what he relied at the time he instituted the search warrant proceeding. That question went directly to the intent and motive of the defendant, and it was competent for him to testify as to the intent or motive that characterized his action. McKown v. Hunter, supra.

It is alleged by respondent's counsel that the only purpose of the questions referred to was to disprove malice on the part of the defendant, and that, as the defendant had already testified that he was not actuated by malice in instituting the proceeding, the exclusion of the evidence was, in any event not harmful. It was entirely immaterial whether or not the defendant was actuated by malice, provided he had probable cause for instituting the proceeding. As was said in Besson v. Southard, 10 N. Y. 236–238—and the cases have been uniform from that time until this in holding:

"If there was probable cause for such suit, although it was maliciously commenced, the action could not be sustained. Want of probable cause and malice must concur. The question of malice in this action is for the jury. The want of probable cause is independent of malicious motive, and cannot be inferred, as a necessary consequence, from any degree of malice which may be shown."

We think the defendant had a right to state that he believed he had probable cause for believing that the stolen property in question was in plaintiff's possession; and that he also had a right to state to the jury upon what he relied at the time he instituted the search warrant proceeding.

We think error was also committed by the learned trial court in excluding the evidence of the witness McInerney. He was a police officer, and had been detailed to investigate as to the alleged theft of the property belonging to the defendant's company. He had reported to Mr. Wetmore what he had learned or discovered, and as a result it was suggested that a search warrant ought to be gotten out. The witness and the defendant then went to the police court and stated what was wanted to the clerk of the court, and defendant attempted to prove by the witness what was said by him (the witness) to the clerk of the court at the time the warrant was asked for and in the presence of the defendant. Such evidence was excluded, and exception was taken. We think it is elementary that in an action of this kind the defendant has the right, for the purpose of establishing that he had probable cause and that his action was not malicious, to prove any facts or circumstances of which he had personal knowledge or any information acquired through others He has the right to prove what was said in his presence, as well as what was said to him. Miller v. Milligan, 48 Barb. 30, and cases cited.

We deem it unnecessary to discuss the other exceptions taken upon the trial, for the reason that we consider that those adverted to present such error as to require a reversal of the judgment.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law only; the facts having been examined and no error found therein. All concur; HISCOCK, J., in result only.