John F. Callahan, Respondent, v. The Coney Island and Brooklyn Railroad Company, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. The plaintiff sued upon two causes of action, namely, false arrest and malicious prosecution. He recovered a general verdict. Although the evidence was sufficient to uphold a verdict upon the first cause inasmuch as it justified the conclusion that defendant through its officer or officers personally participated in the arrest by direct act or personal procurement, and, therefore, the defendant could be held liable unless it established justification (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 278; *Farnam* v. *Feeley*, 56 id. 453), there must be a new trial inasmuch as, upon the second cause of action, the plaintiff, with the burden to prove want of probable cause and malice (*Schultz* v. *Greenwood Cemetery*, *supra*; *Rawson* v. *Leggett*, 184 N. Y. 504), failed to establish that cause of action by a fair preponderance of credible proof. (*Schultz* v. *Greenwood Cemetery*, *supra*; Newell Mal. Pros. 290.) It was essential that he should establish both want of probable cause and malice. (*Conner* v. *Wetmore*, 110 App. Div. 440.) Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ.. concurred.

Harry Chestnut, Appellant, v. New York Consolidated Railroad Company, Respondent.— On reargument judgment and order reversed and new trial granted, costs to abide the event. As a train sign falling from defendant's elevated structure struck plaintiff, his complaint should not be held to tie him down to proving affirmatively that the train had jarred it off the hooks. Plaintiff obviously did not know, and did not allege just how the sign became detached and fell into Myrtle avenue. He charged a fastening not sufficient to prevent the sign from being jarred off. Being thus injured while lawfully on a public street, his allegation of a common ordinary hook did not require him to show, or the jury to find, that the sign fell by reason of the jar and vibration of the passing train. Hence plaintiff's exception at folio 184 was well taken. Jenks, P. J., Thomas, Stapleton and Putnam, JJ., concurred; Carr, J., not voting.

Commonwealth Water Company, Appellant, v. Henry C. Brunner and Fannie A. Brunner, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Rich and Putnam, JJ., concurred; Carr, J., not voting.

Watts T. Cooke and John R. Cooke, Respondents, v. Westchester Engineering Company and Another, Appellants, and Others, Defendants. — Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

Emma J. Delamater, Respondent, v. Saks & Company, Appellant. (Appeal No. 1.) Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.