MARY A. SCHULTZ, Respondent, *v.* THE GREENWOOD CEMETERY, Appellant, Impleaded with Another.

1. FALSE IMPRISONMENT — MALICIOUS PROSECUTION — PROBABLE CAUSE. A refusal to charge in an action for false imprisonment and malicious prosecution, that the holding of the plaintiff by the city magistrate, after examination into the facts, was *prima facie* evidence of probable cause for the prosecution, constitutes error.

2. DUTY OF OFFICER TO ARREST. A refusal to charge, that if the officer making the arrest saw the plaintiff commit the offense charged, it was his duty to arrest her, is erroneous, where such duty was imposed upon him by the city charter.

*Schultz* v. *Greenwood Cemetery*, 112 App. Div. 922, reversed.

(Argued December 2, 1907; decided December 20, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 26, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Miller* for appellant. The trial court erred in its refusal to charge that if the jury believed that the plaintiff gave testimony at the Magistrate's Court admitting taking the flowers, she could not recover in this action. (*Farrell* v. *Friedlander*, 63 Hun, 254; *H. F. Ins. Co.* v. *Reynolds*, 36 Mich. 502.) The trial court erred in refusing to charge the jury that the holding of the accused for trial by the city magistrate after examination into the facts was *prima facie* evidence of probable cause for the prosecution. (*Nicholson* v. *Sternberg*, 61 App. Div. 51; *Burt* v. *Place*, 4 Wend. 593; *Burt* v. *Smith*, 181 N. Y. 1; *Kutner* v. *Fargo*, 34 App. Div. 319; *Bacon* v. *Towne*, 58 Mass. 236; *Ash* v. *Marlow*, 20 Ohio, 119; *Ganea* v. *S. P. R. Co.*, 51 Cal. 140; *Graham* v. *Noble*, 13 S. & R. 235.)

*James C. Cropsey* for respondent. There was no error in refusing to charge that the holding of the plaintiff for trial by the city magistrate was *prima facie* evidence of probable cause for the prosecution. (*Kutner* v. *Fargo*, 34 App. Div. 317; *Parr* v. *Loder*, 97 App. Div. 218; 180 N. Y. 531.)

O'Brien, J. The judgment from which this appeal is taken was entered upon the verdict of a jury in an action for false imprisonment and malicious prosecution. The case comes here, by permission, under a unanimous affirmance by the Appellate Division and consequently the review in this court is restricted to questions of law raised by exceptions taken at the trial.

The complaint contains two causes of action, not stated separately, but commingled and tried in the same way as if but one cause of action was stated. There was no objection raised, however, as to the form of the pleadings, and hence the error, if any, in stating two causes of action in the same complaint without separating them as required by

the Code has been waived. The causes of action set out in the complaint are governed by different rules. An action against an officer for a false and illegal arrest and detention, known as an action for false imprisonment, may be justified by proof that a crime was committed and that he had reasonable ground to suspect that the person arrested was the offender; the arrest being made in good faith and without evil design. The action is in the nature of a trespass for a direct wrong or illegal act, in which the officer and defendant must have personally participated by direct act or indirect procurement. The gist of the action is an unlawful detention, the burden of proof to establish probable cause for the arrest, or reasonable ground for suspicion, is upon the defendant. (*Burns* v. *Erben*, 40 N. Y. 463.)

An action for malicious prosecution against an officer or other person may be defended by proof of reasonable and probable cause for the prosecution and the burden of proving want of probable cause is upon the plaintiff. The plaintiff must allege and prove, not only the want of probable cause for the prosecution, but also that it was inspired by malice. (*Besson* v. *Southard*, 10 N. Y. 236; *Heyne* v. *Blair*, 62 N. Y. 19; *Thaule* v. *Krekeler*, 81 N. Y. 428; *Anderson* v. *How*, 116 N. Y. 336; *Willard* v. *Holmes, Booth & Haydens*, 142 N. Y. 492.) In either case the action is defended whenever the facts and circumstances stated have been established, though it may turn out that the person arrested or prosecuted was innocent. It is not necessary for the defendant in this class of actions to establish that the person arrested was actually guilty. As this court has stated, innocent parties may sometimes be subjected to inconvenience and mortification; but any more lax rule would be greatly dangerous to the peace of the community and make the escape of criminals frequent and easy. (*Burns* v. *Erben, supra*, p. 470.)

This action was brought against a policeman who made the arrest and instituted the prosecution, and also against the cemetery association where he had been assigned to duty by the police department and under whose directions it is claimed

he acted.  By section 647 of the Penal Code any person who, not being the owner thereof and without lawful authority, wilfully removes from any grave in a cemetery any flowers, memorials or other tokens of affection, or other thing connected with them, is guilty of a misdemeanor.  It was for a violation of this section that the plaintiff was arrested by the defendant, the police officer on duty in the cemetery.  He conducted her to a city magistrate and there made a charge against her in the form of an affidavit, which covered the offense described in this section of the Code.  Upon the affidavit of the policeman the magistrate issued a warrant for her detention.  The magistrate informed her of the offense with which she was charged, and that she had the right to the aid of counsel.  She then demanded an examination before the magistrate and was sworn.  Her statement was reduced to writing by the official stenographer, and it appears from this statement that the plaintiff then and there stated not only that she took flowers from a lot in the cemetery in which she had no interest and removed them to her own lot, where her father and perhaps some other relatives were buried, but that she admitted having stated the same thing to the policeman before he made the arrest.  The magistrate required her to give bail for the Special Sessions, a court having jurisdiction to try such offenses, and committed her in the meantime until bail was procured. The arrest and hearing before the magistrate were on the 9th and 10th of June, 1898.  She was detained in the police station for a few hours and then discharged upon bail.  When the case came before the Special Sessions it was dismissed, on the ground that the policeman's affidavit did not state a sufficient charge.  In this I think the learned court was in error, since the affidavit contains all the necessary facts to justify the warrant and the arrest, although it was very inartificially drawn; but that question is of no importance here, since the decision of that court, whether right or wrong, ended the prosecution.

This action was commenced on the 19th of December, 1898. The attorneys for both the plaintiff and defendant died subse-

quent to the joining of issue and the case was not tried until the 28th of February, 1905, about seven years after the transaction had occurred. There was no motion for a nonsuit at the close of the plaintiff's case, or at the close of the whole case, nor any objection made to the submission of the case to the jury. So we will proceed to examine the questions of law raised by exceptions taken at the trial.

There were no exceptions taken to the main charge. The case was submitted on the theory that the arrest and commitment were based on a charge of stealing flowers. Whether the section of the Code deals with a case of larceny or not is not very clear, and, perhaps, not very important·here. The learned judge charged the jury that Smith, the officer, was liable for false arrest if the plaintiff was not guilty of removing the flowers. He also left it to them to say whether the policeman was unduly severe by conducting the plaintiff to the station house in a patrol wagon, no reason having been given why he could not have taken a street car. But, as already suggested, there was no exception taken to any part of the main charge, or until the defendant's counsel made the requests which will be presently referred to. At the close of the charge the learned judge asked plaintiff's counsel if he had any requests to present, and the reply was that he had none; whereupon defendant's counsel stated that he had some requests, which he then presented. The requests as read have been very much confused by the colloquy between court and counsel on both sides and it is quite difficult to extract from the discussion, which covers nine pages of the record, just what the jury could understand with respect to the views of the court concerning the requests. In reviewing the exceptions I will refer only to those that are not embarrassed by the discussion and that stand out in bold relief upon the record.

(1) Defendant's counsel requested the court to charge that the holding of the accused by the city magistrate after examination into the facts was *prima facie* evidence of probable cause for the prosecution. The request was refused and an

exception taken. This request embodied a correct rule of law and the defendant was entitled to have the jury instructed accordingly. In a case in the Supreme Court of the United States (*Crescent, etc., Co.* v. *Butchers' Union,* 120 U. S. 141) it seems to be held that the decision of the inferior court in favor of the person instituting the prosecution is conclusive proof of probable cause for the prosecution. But the general rule seems to be that the decision is *prima facie* proof of probable cause. (*Burt* v. *Place,* 4 Wend. 593; *Nicholson* v. *Sternberg,* 61 App. Div. 51; 2 Greenleaf on Evidence [14th ed.], sec. 455 and note; Hilliard on Torts, p. 449, sec. 16; *Ganea* v. *S. P R. R. Co.,* 51 Cal. 140; *Holliday* v. *Holliday,* 123 Cal. 26; *Giusti* v. *Del Papa,* 19 R. I. 338.) The question has recently been examined and elaborately discussed in this court in an opinion by Judge VANN, where it is held that such orders and commitments are *prima facie* proof of probable cause. (*Burt* v. *Smith,* 181 N. Y. 1.) The principle of that case was also applied in *Rawson* v. *Leggett* (184 N. Y. 504); and in *Tyson* v. *Bauland Co.* (186 N. Y. 397). So I think the learned judge was in error when he refused to charge the request.

(2) Defendant's counsel requested the court to charge that if the police officer saw the plaintiff in a public cemetery remove flowers from more than one burial plot or inclosure it was his duty to arrest her and prefer charges of misdemeanor against her. The court refused to charge that it was his duty to make the arrest, but that he had a right to. An exception was taken to the refusal and qualification. The Code of Criminal Procedure (sec. 177) provides that a policeman or other peace officer may, without a warrant, arrest a person for a crime committed or attempted in his presence. I have no doubt that the power to arrest in such cases implies a duty to do so; but it is very clear that such duty was imposed upon this policeman on the occasion in question by the very law under which he was appointed. (Greater New York charter, secs. 308, 315.) The ruling of the court on this request was erroneous.

(3) Defendant's counsel requested the court to charge that if the jury believed that the plaintiff gave the testimony at the Police Court read by the stenographer that she took the flowers from other lots and put them on her own lot, the verdict must be for the defendant. The court refused to so charge and the defendant's counsel excepted. The court then stated that he left the whole question to the jury. The refusal to charge this request was error. Defendant's counsel did not ask the court to take the question from the jury or to take from their consideration any evidence in the case. The request simply was that if the jury believed that she admitted having committed the offense to the magistrate that she could not recover. The stenographer's notes, taken at the time, showed that she practically pleaded guilty, in which case it would be the plain duty of the magistrate to act as he did and hold her to bail. Her detention in the police station would also be warranted by the admission. The official stenographer's notes were also to the effect that she made the same admission to the policeman before he arrested her and, of course, if she then told the truth it was his plain duty to make the arrest. It is true that on the trial of this action, nearly seven years after the occurrence, she denied having taken the flowers or having made the admissions shown by the stenographer's minutes; but if the jury believed that she gave the testimony appearing in the minutes then there certainly could be no recovery. The request left the jury free to believe, if they chose, that her testimony on the trial of the present action, though contradictory of the stenographer's minutes, was the truth. The request was a proper one and should have been granted.

(4) In the course of the discussion referred to the court charged that the policeman was liable unless the plaintiff was guilty, and that the corporation was liable if the policeman did what he did by its authority. I think this proposition was erroneous.

(5) The defendant's counsel also requested the court to charge that for any excessive or negligent performance of

duty by the special police officer in connection with the arrest and prosecution the cemetery association was not responsible. The court stated that if the cemetery association authorized the policeman to take her at all it was responsible for the way he took her, referring to the fact that she was conveyed in a patrol wagon instead of a car. Defendants' counsel excepted to this and followed it up by another request as follows: " That the patrol wagons furnished by the police department of the city are proper means of conveyance for any person charged with crime, and the defendant is not in any event to be charged with any added damages because the plaintiff was taken in a patrol wagon to the police station." The court refused to charge the request as made, but stated that he left that question to the jury, and defendant's counsel excepted. The damages could not be increased or made punitive simply because the policeman used the usual means of conveyance. He was not obliged to hire a carriage or to pay fare on the railroad, and it would seem that had she been taken in a public car with other passengers the disgrace might have been more apparent than if taken in a patrol wagon.

There are several other exceptions in the record taken to the refusal of the court to charge as requested which might be difficult to answer, but it is not necessary to consider them as they may not arise upon another trial. It is quite clear from what appears in the record that the jury, for some reason, did not understand the case. They may have been confused by the discussion between court and counsel occurring just before the case was submitted. The jury first returned a verdict for the plaintiff of $4,000.00 against the cemetery association and $1,500.00 against the policeman, importing that they considered the cemetery association the greater offender. The court directed them to retire and consider further of their verdict. Subsequently they came into court and announced their verdict in favor of the plaintiff for $4,000.00 against the cemetery association and the same amount against the policeman, stating in reply to a question by the court that they intended to give to the plaintiff $8,000.00 damages. The

verdict was recorded in that form, but before the entry of judgment the learned counsel for the plaintiff generously offered to remit $4,000.00 separately awarded against the policeman and to enter a joint judgment for $4,000.00 in favor of the plaintiff. Defendant's counsel accepted this proposition and in that form the judgment comes here. What I have said in regard to the action of the jury does not imply that there is any question before this court touching the validity or regularity of the judgment. It has been referred to only to show that the jurors must have been somewhat confused, or failed to appreciate the rules of law governing the case.

The judgment should be reversed and a new trial granted, costs to abide the event.

EDWARD T. BARTLETT and HAIGHT, JJ., concur; HISCOCK, J., concurs upon first and second grounds stated in opinion; VANN, J., concurs on first ground, and CULLEN, Ch. J., and CHASE, J., concur in result.

Judgment reversed, etc.