NATHAN FREEDMAN, Respondent, *v.* THE NEW YORK SOCIETY FOR THE SUPPRESSION OF VICE and JOHN S. SUMNER, Individually and as Secretary of the New York Society for the Suppression of Vice, Appellants, Impleaded with Another.

First Department, October 30, 1936.

518

*David Asch* of counsel [*Francis X. Walsh* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys], for the appellants.

*Jas. Madison Blackwell* of counsel [*Martin A. Nathanson* with him on the brief; *Blackwell Bros.,* attorneys], for the respondent.

GLENNON, J. This is an action for malicious prosecution and false imprisonment wherein the plaintiff has recovered judgment on a verdict of $500.

One Thomas P. McLoughlin, a police officer, was named as a defendant together with the appellants New York Society for the Suppression of Vice and John S. Sumner, but during the trial, at the close of the plaintiff's case, the action was discontinued as against him. There is little if any dispute as to the facts leading up to the arrest which occurred on November 10, 1932.

Plaintiff, together with a partner, was engaged in the business of selling books on the second floor of premises situated at 79 Wall street, New York city. For the purpose of advertising their stock, plaintiff and his partner rented a window in a cigar store on the first floor where certain of the books on sale upstairs were exhibited. Among them were a number of copies of one entitled " Let's Go Naked," each opened at a different page showing persons in the nude with their private parts exposed. It is unnecessary to describe these pictures at length since they can readily be observed in the book which is an exhibit in this case.

On the afternoon of November 7, 1932, the attention of Officer McLoughlin, who was attached to the vice, indecency and immorality squad, was attracted by a group of boys and men, ranging in age from sixteen years upward, standing in front of plaintiff's show window. He observed six copies of the book " Let's Go Naked " opened at different pages and one copy of a book entitled " On Going Naked." After purchasing a copy of the book, McLoughlin went up to the defendants' office on Twenty-second street and reported to the defendant Sumner what he had seen and showed him the book. The apparent purpose was to get the advice of the defendant Sumner as to whether or not the plaintiff was guilty of a violation of the Penal Law.

The following day was Election day. On November ninth Charles J. Bamberger, an employee of defendant society, visited the premises and saw the pictures exposed. People were standing around, including three little boys whose ages he estimated to be eight to ten. There were several comments from the onlookers during·the period of about five minutes he was present. He went upstairs and purchased a copy of the book for two dollars.

On November tenth the officer, together with defendant Sumner and Bamberger, visited the plaintiff's place of business. On that day there were black strips of paper placed over the private parts portrayed in the nude pictures. Plaintiff admitted that he had placed the books in the show window. Thereupon Officer McLoughlin arrested the plaintiff and took him to the First Precinct Police Station. Defendant Sumner went to the Magistrate's Court and supplied the necessary information to the clerk for the purpose of drafting a complaint. Later the complaint was sworn to by the police officer and plaintiff was arraigned in the Magistrate's Court on a charge of violating section 1141 of the Penal Law, and was admitted to bail. Subsequently, on the thirtieth of November, a hearing was held before a magistrate and the decision was reserved. On December eighth plaintiff was discharged.

It is the contention of the plaintiff, as set forth in the complaint, that in making the arrest Officer McLoughlin acted as the " agent, servant and /or employee of the defendant John S. Sumner and The New York Society for the Suppression of Vice, and at the express directions and orders and under the supervision and at the instigation of the two said defendants." While it is true that the police officer undoubtedly was counseled and advised by Sumner that the display of the book was in violation of the provisions of the Penal Law, still the evidence adduced upon the trial of this case falls far short of establishing that in making the arrest the police officer acted as the agent, and by the express direction and orders of the defendants. Furthermore, we believe that the police officer was well within his rights in arresting the plaintiff since it appears that the offense which was noticed first on November seventh, continued right down until November tenth, when the plaintiff was actually taken into custody. The strips of papers which were placed upon the pictures of the nude bodies tended to accentuate rather than to diminish the lewd and lascivious character of the publication.

The error, if any, occurred in the Magistrate's Court in discharging the plaintiff who was guilty of violating, not only section 1141, but in addition thereto, section 1141-a of the Penal Law.

Section 1141 provides, in part, that it is a misdemeanor to sell or show, or offer to sell or show, any obscene, lewd, lascivious, filthy, indecent or disgusting book, picture or photograph, or any written or printed matter of an indecent character, and to write, print, publish or utter any advertisement or notice of any kind stating where or of whom any such article can be purchased or obtained. Section 1141-a is entitled " Display of indecent prints and pictures in public place prohibited." It reads in part: " Any person who shall expose, place, display * * *, any * * * picture, * * * which * * * picture shall tend to demoralize the morals of youth or others or which shall be lewd, indecent, or immoral, shall be guilty of a misdemeanor."

Assuming if we will that these defendants actually had caused the arrest of the plaintiff, the mere fact that he was discharged was not in and of itself sufficient to sustain the cause of action either for false imprisonment or malicious prosecution. We believe that there was ample justification and probable cause for the prosecution of the plaintiff. Since there was no substantial dispute as to the facts leading up to arrest, the question was one of law and should have been disposed of by the court at Trial Term. In *Halsey* v. *New York Society for Suppression· of Vice* (234 N. Y. 1), the rule in so far as it applies to a malicious prosecution was well stated by Judge CRANE (in dissenting opinion) as follows: " When facts and circumstances are undisputed, probable cause is a question of law for the court which it is error to submit to the jury." We are not unmindful of the fact that different rules apply in an action for false imprisonment as distinguished from one for malicious prosecution. In the former, the burden of proof to establish probable cause for the arrest is upon the defendant, whereas, in the latter, the burden of proving want of probable cause is upon the plaintiff. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276.) The mere discharge of the plaintiff did not indicate that there was no justification for making the arrest, nor did it show that probable cause did not exist. Judge VANN in writing for the court in *Burt* v. *Smith* (181 N. Y. 1), said, in part: " If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved. Thus an innocent person may be prosecuted unjustly and subjected to expense and disgrace with no right to call the prosecutor to account, provided he acted upon an honest and reasonable belief in commencing the proceeding complained of. Peace and good order exact this hardship from the individual for the benefit of the people at large, so that citizens may not be prevented by the fear of

consequences from attempting to assert their own rights or to vindicate the cause of public justice by an appeal to the courts."

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; UNTERMYER, J., concurs in result.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.