JOSEPH AGAR, Appellant, v. GEORGE F. KELSEY and KATE M. KELSEY, Respondents.— In an action brought to recover damages for false imprisonment and malicious prosecution, a verdict was rendered in favor of plaintiff and against defendant George F. Kelsey in the sum of $1,250, and a judgment dismissing the complaint as against defendant Kate M. Kelsey was entered. There was also entered an order setting aside the verdict against defendant George F. Kelsey unless plaintiff stipulate to reduce it to the sum of fifty dollars. Plaintiff having refused

so to stipulate, the court directed the entry of an order setting aside the verdict and granting a new trial. Plaintiff appeals from the judgment and orders. Judgment dismissing the complaint as against defendant Kate M. Kelsey unanimously affirmed, with costs. Order dated June 19, 1937, setting aside the verdict in favor of plaintiff and granting a new trial, unanimously affirmed, without costs. Appeal from order dated May 26, 1937, setting aside the verdict and granting a new trial unless plaintiff consent to a reduction, dismissed, without costs. We place our affirmance of the order of June nineteenth on the ground that the verdict was against the weight of the evidence, rather than on the ground of excessiveness. Since a crime had been committed by someone, probable cause was a defense to the cause of action for false arrest (*Burns* v. *Erben*, 40 N. Y. 463; *Schultz* v. *Greenwood Cemetery*, 190 id. 276), as well as to the cause of action for malicious prosecution. The indictment was *prima facie* evidence of probable cause as to both causes of action, and its effect could be overcome only by proof that the defendants had committed fraud or perjury or had withheld material evidence in their possession. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296; *Schultz* v. *Greenwood Cemetery, supra.*) The evidence offered by the plaintiff to show that defendant George F. Kelsey had withheld information as to the plaintiff's status in the real estate office was, in our opinion, too weak to support a verdict. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.