JAMES MORGAN, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

First Department, January 27, 1939.

*Kenneth O. Mott-Smith* of counsel [*Clive C. Handy*, attorney], for the appellant.

*David H. Perlman* of counsel [*Harry B. Frank*, attorney], for the respondent.

UNTERMYER, J. The action is for false imprisonment. On December 19, 1934, at about three o'clock in the morning, the plaintiff, together with two other men, William Bowe and Stephen Cleesattel, was arrested by two special officers employed by the defendant and charged with the theft of a quantity of potatoes from freight cars standing in the yard of the defendant railroad company at Twelfth avenue and Forty-first street in the city of New York. He was taken before a magistrate, charged with the commission of a felony, and imprisoned pending examination on December twenty-first. On that day he pleaded not guilty, waived examination, and was held for the grand jury. On January 2, 1935, he was indicted by the grand jury on three counts charging burglary, petit larceny and criminally receiving stolen property. After a trial on January twenty-first in the Court of General Sessions the plaintiff was acquitted.

On the present trial the plaintiff offered in evidence a part of the record of the proceedings in the Magistrates' Court, which included an affidavit of Jennings, one of the arresting special officers, to the effect that on the night of December 19, 1934, certain freight cars standing in the defendant's yard had been forcibly entered and a quantity of potatoes removed; that at about three o'clock in the morning Jennings had arrested Bowe and Cleesattel while placing two bags of potatoes into a taxicab at Forty-second street near Twelfth avenue. It was further stated that at about the same time the plaintiff was arrested at Fortieth street and Twelfth avenue and had admitted to Jennings participation in the theft of the potatoes. At the trial the plaintiff testified to all his movements on the night in question and that he was not guilty of the crime with which he had been charged. He furthermore denied ever having admitted to Jennings, or otherwise, any participation in the crime.

Neither the minutes of the testimony before the magistrate nor the grand jury are in evidence.

A motion to dismiss the complaint at the conclusion of the plaintiff's case having been denied, the defendant rested without offering proof, contending that the holding by the magistrate and the indictment of the plaintiff by the grand jury established *prima facie* the existence of probable cause for the arrest. The court submitted to the jury the question whether in making the arrest the special officers, under all the circumstances, had reasonable cause to believe that the plaintiff was guilty of the crime charged. The jury returned a verdict in favor of the plaintiff.

It is first contended by the plaintiff that there was no evidence of the commission of any felony and that for that reason alone the plaintiff was entitled to recover without regard to the existence of probable cause for the arrest. Under the statute (Code Crim. Proc. § 177, subd. 3), arrest, without a warrant, for an alleged crime not committed in the presence of the arresting officer is only justified " when a felony has *in fact* been committed, and he has *reasonable cause* for believing the person to be arrested to have committed it." (*Burns* v. *Erben*, 40 N. Y. 463, opinion by JAMES, J.) To justify the arrest it was, therefore, necessary for the defendant to establish (1) the actual commission of a felony, and (2) reasonable cause for believing that the plaintiff had committed it. " Reasonable cause " to believe that a felony has been committed does not constitute justification in an action for false arrest, for under the statute the arrest is lawful only when a felony has " in fact " been committed. (*Stearns* v. *Titus*, 193 N. Y. 272.) In the present case, however, the plaintiff, himself, established *prima facie* the commission of a felony by offering in evidence the affidavit of Jennings to the effect that the freight cars standing in the defendant's yard had been burglarized during the night of December nineteenth. That evidence the plaintiff failed to contradict by any other proof offered at the trial. Accordingly, the commission of a felony for which the plaintiff was arrested appeared from the plaintiff's own case.

The question which remains, and the fundamental question here, is whether the holding by the magistrate and the indictment by the grand jury were *prima facie* evidence that the arresting officer had reasonable cause to believe that the plaintiff was guilty of the crime charged. That it would be so if the action were for malicious prosecution is fully established by the decision in *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296) and by many other decisions to the same effect. To be successful in an action for malicious prosecution it would then be necessary for the plaintiff to rebut that *prima facie*

evidence of probable cause "by showing that the defendant did not make a full and complete statement of the facts either to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result." (*Hopkinson* v. *Lehigh Valley R. R. Co.*, *supra*, p. 300.) Although, of course, the action for false imprisonment is of a character very different from that for malicious prosecution (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; Harper, Law of Torts, § 24), does the same presumption arise from a holding by a magistrate or the action of the grand jury where the only issue is the existence of "reasonable cause" for making the arrest? Although the question .is not entirely free from doubt (Compare Cooley on Torts [4th ed.], § 114, pp. 379–381; *Hendrix* v. *Manhattan Beach Development Co.*, 181 App. Div. 111), since the arrest may be unlawful even though the prosecution is justified (*Snead* v. *Bonnoil*, 166 N. Y. 325) and since neither the magistrate nor the grand jury determine the propriety of the arrest, we think this court is committed to the doctrine that in this respect the same rule is applicable to both. (*Agar* v. *Kelsey*, 253 App. Div. 726.) Accordingly, it was incumbent on the plaintiff to repel the inference resulting from the holding by the magistrate and the indictment by the grand jury by proof that these were procured by misrepresentation or suppression of the facts.

Since the judgment must be reversed and a new trial granted, we refrain from deciding whether the question of punitive damages should have been submitted to the jury in the absence of an allegation of malice in the complaint.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'MALLEY, GLENNON and CALLAHAN, JJ., concur; MARTIN, P. J., dissents.

MARTIN, P. J. (dissenting). The record .in this case discloses that a crime was committed and that the plaintiff herein and two other men were charged with committing the crime. In view of the fact that there was an actual burglary, that two men were apprehended near the scene of the crime with some of the stolen property, and that the arresting officer has sworn that this plaintiff admitted that he participated in the crime, there was reasonable cause for the arrest of the plaintiff.

The fact that the defendant was acquitted does not prove that a crime was not committed. Many guilty defendants are acquitted. The reasons for such acquittals are at times very difficult to understand. To assume that because a defendant is acquitted no crime

was committed is a very rash assumption. If a complaining witness is to be subject to liability in an action for false arrest in every case wherein the defendant is acquitted, many criminals would escape prosecution. The law appears to be well settled that where a felony has been committed and there is reasonable ground to suspect that a particular person has committed the felony and an arrest is made in good faith, the person making it is not liable for damages if the defendant is thereafter acquitted.

The rule with reference to the defense of probable cause which is applied to actions for malicious prosecution should also be applied to all actions for false arrest. It appears to be the only safe rule. (See *Ledwith* v. *Catchpole*, Caldecott's Magis. Rep. p. 291; *Burns* v. *Erben,* 40 N. Y. 463; *Burt* v. *Smith*, 181 id. 1; *Agar* v. *Kelsey*, 253 App. Div. 726.)

In *Samuel* v. *Payne* (Doug. 359), Lord MANSFIELD said: " If a felony has actually been committed, any man, upon reasonable probable ground of suspicion, may justify apprehending the suspected person to carrying him before a magistrate."

The judgment should be reversed and the complaint dismissed.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.