PATRICK J. CONWAY, Respondent, v. WESLEY D. McKINLEY, Individually and as President of THE HIGHWAY ROAD AND STREET CONSTRUCTION LABORERS UNION (LOCAL 1010), and CHARLES ROMANO, Individually and as Treasurer of THE HIGHWAY ROAD AND STREET CONSTRUCTION LABORERS UNION (LOCAL 1010), Appellants.

First Department, May 3, 1940.

*Warren H. Mayell* of counsel [*Robert J. Fitzsimmons,* attorney], for the appellants.

*Paul P. Rao* of counsel [*Rao, Liggio & Cannella,* attorneys], for the respondent.

Dore, J. In this action for damages for malicious prosecution, tried before the court without a jury, the trial court held defendants had improperly charged plaintiff with the crime of forgery in the Magistrates' Court, which resulted in that court holding plaintiff on such charge, for which the grand jury subsequently failed to indict him; and gave judgment to plaintiff for $1,000. We think the ruling was erroneous as the documentary and other evidence shows plaintiff was not charged with forgery in the Magistrates' Felony Court but with the crime of grand larceny, for which he was subsequently indicted by the grand jury.

At an election of officers of a labor union on July 29, 1938, plaintiff Patrick J. Conway was supplanted and succeeded by defendant Wesley D. McKinley as the president of the union. Thereafter, on or about September 13, 1938, the officers of the union discovered that between August 6, 1938, and September 13, 1938, Conway, without their knowledge, had withdrawn and retained money from the savings bank account of the union aggregating between $4,500 and $5,000. Defendant McKinley, then president of the union, complained to the police, and on September 27, 1938, a detective arrested Conway and " booked " him at the East Fifty-first street police station on a charge of larceny. Conway was later arraigned in the Magistrates' Felony Court on a complaint verified by defendant McKinley on September 28, 1938. Pending hearing, which was adjourned to October 5, 1938, Conway was released on $1,000 bail. At the hearing Conway waived examination on the complaint charging him with grand larceny and he was held in $1,000 bail for action by the grand jury; subsequently the grand jury returned an indictment against him for grand larceny in the first degree, and on February 23, 1939, a superseding indictment was filed containing twelve counts, some for first degree and others for second degree

grand larceny. After trial at General Sessions on April 19, 1939, Conway was acquitted and thereafter instituted this action for malicious prosecution.

The money of the union on deposit was authorized to be withdrawn and used to pay the operating expenses of the union. Withdrawal vouchers previously signed in blank by another union official named Romano were in Conway's possession as former president, and, by use of these previously-signed withdrawal vouchers plus his own signature, he withdrew the money for the purpose, as he testified on this trial, of using such funds to " reorganize " the union and start a rival union. Of the money thus withdrawn Conway wrapped $2,400 in a newspaper in a brief case and secreted it in a closet in a room he had rented in Manhattan. The balance of the withdrawn funds he commingled with his own money in accounts in two savings banks, one in his own name and one in the name of " John Murphy;" when apprehended he surrendered the funds.

Section 258 of the Code of Criminal Procedure provides that the grand jury ought to find an indictment when all the evidence before them is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury. Concededly, in accordance with that section, the grand jury, after hearing evidence, returned an indictment against the plaintiff for grand larceny. (Penal Law, §§ 1290, 1294, 1296.) Such indictment was *prima facie* evidence of probable cause, and plaintiff in his action for malicious prosecution must meet this *prima facie* evidence and show defendants did not make a full and complete statement of the facts or that they misrepresented or falsified the evidence or withheld information which might have affected the result. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300.)

The trial court properly held that there is no evidence in the case establishing that defendants acted without probable cause in charging plaintiff with the crime of grand larceny. But the holding that the proof established defendants " set in motion the prosecution which resulted in the plaintiff being held for *forgery* in the Magistrates' Court " (italics mine) is without foundation and contrary to the evidence. That the affidavit or complaint in the Magistrates' Court stated the method used by Conway in taking the funds of the union was that of forging the name of Romano to the withdrawal vouchers is not controlling. A reading of the whole complaint indicates that defendants asked that Conway be held to answer solely for the crime of larceny. The affidavit of defendant McKinley, sworn to September 28, 1938, before the magistrate, which, together with the affidavit of Romano, sworn to the same

day, makes up the full complaint, " charges defendant [Conway] with the larceny of said money." The indorsement at the beginning of this affidavit reads " Affidavit — Larceny." The indorsement on the back of the complaint states: " You are charged with the crime of Grand Larceny." Plaintiff's own complaint herein correctly alleges: " A complaint charging the plaintiff with the crime of grand larceny was made and signed by the defendants on September 28, 1938."

While it was proved that Romano's signature had not been forged there was no concealment from the magistrate of material evidence. Plaintiff, as defendant in the proceeding, waived examination. This procedure precluded the offering of testimony before the committing magistrate as to the crime charged, and, in any event, it was shown that at the time the complaint before the magistrate was made both McKinley and Romano believed that it was impossible for Conway to have so many withdrawal vouchers previously signed by Romano in blank as it was customary to have only two or three at the most, and there were five or six withdrawals.

We believe there was ample justification and probable cause shown in this record for the prosecution of the plaintiff for the crime charged. If probable cause exists it is an absolute protection against an action for malicious prosecution even when express malice is proved. (*Burt* v. *Smith,* 181 N. Y. 1; *Rawson* v. *Leggett,* 184 id. 504, 511, 512; *Freedman* v. *New York Society for Suppression of Vice,* 248 App. Div. 517, 520; affd., 274 N. Y. 559.) The documentary and other evidence indisputably shows that the crime actually charged before the magistrate and before the grand jury was not the crime of forgery but of grand larceny. On this record there is no showing that defendants knowingly falsified evidence or withheld information which could have affected the result.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice.