WILLIAM CICUREL, Appellant, *v.* LEON A. E. MOLLET, Respondent.

First Department, March 13, 1956.

240

*Kalman I. Nulman* of counsel (*Bartley C. Crum* with him on the brief; *Kalman I. Nulman* and *Bartley C. Crum,* attorneys), for appellant.

*Frank L. Miller* of counsel (*George J. Todaro,* attorney), for respondent.

*Per Curiam.* In this nonjury trial, the plaintiff sought recovery against the defendant upon two causes of action. The first charged that the defendant falsely caused the arrest of the plaintiff; the second charged malicious prosecution. After a trial, the court below directed the entry of judgment for the defendant on both causes of action. It is axiomatic that to sustain a cause of action for malicious prosecution the plaintiff must establish want of probable cause. We are satisfied that plaintiff failed to sustain the burden of proof with respect thereto. The trial court found that there was probable cause for the prosecution of the plaintiff by the defendant, and we would not disturb that finding on the factual issue. The judgment for the defendant on the second cause of action should, therefore, be affirmed.

With respect to the first cause of action, i.e., false arrest, a different rule of law controls. In his answer the defendant alleged " the defendant caused the arrest of the plaintiff." While such an allegation in the answer is not conclusive, it may be accepted as an admission against interest and may be considered with the other proof in the case.

It was substantially established on the trial that the plaintiff was taken into custody in his hotel room by two police officers and detained there for a period of approximately eight hours.

During that time the officers had numerous conversations with the attorney then representing the defendant. Moreover, in an examination before trial, portions of which were read into the record, the defendant admitted that he had been advised by the detectives that his attorney had instructed them to arrest the plaintiff sometime before the plaintiff was taken into custody. In sum, from all of the foregoing and the other proof adduced upon the trial, the inference is inescapable that the defendant caused the arrest of the plaintiff.

The arrest having thus been established, there is a presumption that it was unlawful and it therefore became incumbent upon the defendant to go forward with proof establishing justification (see 1 Cooley on Torts [4th ed.], § 109; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; *Freedman* v. *New York Soc. for Suppression of Vice*, 248 App. Div. 517, affd. 274 N. Y. 559). From the record we find that the defendant failed to establish justification for the arrest. We find upon all the proof and upon the inferences which fairly flow from the evidence that the plaintiff established his false arrest by the defendant.

As heretofore indicated, the plaintiff was detained in his hotel room by the detectives for about eight hours. Thereafter, he was removed to the station house, fingerprinted and booked, confined to a cell, and subsequently was arraigned in the Magistrate's Court charged with the crime of grand larceny. After several adjournments a hearing was held and the plaintiff was discharged. He was required to furnish bail in order to obtain his release after the first arraignment and was required to obtain counsel.

In the light of all the circumstances, we assess damages in the sum of $3,000.

Insofar as the judgment dismisses the entire complaint, it should be modified to provide that the dismissal is limited to the second cause of action, and as to the first cause of action, judgment should be awarded thereon on the facts and the law in favor of the plaintiff in the sum of $3,000, and as so modified, the judgment should be affirmed. Settle order.

BREITEL, J. P., BOTEIN, RABIN, COX and FRANK, JJ., concur.

Judgment, insofar as it dismisses the entire complaint, unanimously modified so as to provide that the dismissal is limited to the second cause of action and, as to the first cause of action, judgment is awarded in favor of the plaintiff in the sum of $3,000 and, as so modified, affirmed. Settle order on notice.