RICHARD DIXSON, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45221.) — GABRIELLI, J. Appeal by the State from a judgment of the Court of Claims (see 54 Misc 2d 100), entered August 4, 1967, which awarded damages for false imprisonment as well as assault and battery. On March 1, 1965 respondent was arrested by the State Police for intoxication, upon which charge he was arraigned and released on bail. After a trial he was found not guilty and then filed the claim in question against the State claiming, among other things, that the arresting officer used unreasonable force in making the arrest resulting in certain alleged injuries. It appears that Sergeant Griebsch (not an arresting officer) interviewed the claimant during the morning following the arrest. Upon the trial of this claim Sergeant Griebsch was called as a witness and was asked to relate certain conversations had with and admissions made by the claimant. After he had testified to some of these, objection was made that his testimony was incompetent and claimant's motion to strike all the testimony of the sergeant was granted on the ground that it violated claimant's rights under *Miranda* v. *Arizona* (384 U. S. 436). In this the court erred. We would first observe that the testimony being offered through this witness was being given long after the conclusion of the criminal matter with which it dealt. Additionally, the rule enunciated in *Miranda* does not under the circumstances here presented, forbid the use in a civil action of admissions made as here (see *Matter of Zuckerman*, 20 N Y 2d 430, cert. den. 390 U. S. 925; *Bloodgood* v. *Lynch*, 293 N. Y. 308; *Reed* v. *McCord*, 160 N. Y. 330). Furthermore, the court erred in holding that the State had failed to sustain its defense that the arrest was justified. The sole issue in this regard was whether the arresting officer had reasonable grounds for believing that an offense was being committed in his presence (*Cimmino* v. *State of New York*, 29 A D 2d 587). Here there is conceded proof that the claimant was brought before a Magistrate, arraigned and held for trial and under these circumstances a prima facie showing that the officer had reasonable grounds to believe the offense was being committed in his presence (*Morgan* v. *New York Cent. R. R. Co.*, 256 App. Div. 177) has been established; and as we said in *Cimmino* v. *State of New York* (*supra*), "This may be established as a defense to the action 'though it may turn out that the person arrested or prosecuted was innocent. It is not necessary for the defendant in this class of actions to establish that the person arrested was actually guilty' (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 278.) ". The court unduly restricted the State's attack on the claimant's credibility as to his injuries and how the whole incident occurred, when it prohibited Sergeant Griebsch from describing claimant's admissions in which he related how he received the alleged injuries in other occurrences. Judgment reversed, upon the law and the facts, and a new trial granted, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli JJ., concur in memorandum by Gabrielli, J.