Jasen, J. (dissenting).
I would affirm the order of the Appellate Division. The only issue before us is whether there was reasonable cause, as a matter of law, for the police officer to believe that the plaintiff committed a felony so as to justify his arrest without a warrant.
There can be no doubt that a warrantless arrest and consequent imprisonment are presumptively unlawful and the person making the arrest has the burden of justification. (Woodson v. New York City Housing Auth., 10 N Y 2d 30.) But by statute (Code Crim. Pro., § 177, subd. 3 [then in effect]), a peace officer is entirely justified in making an arrest without a warrant for a felony not committed in his presence when, in fact, the felony has been committed and he has reasonable cause to believe the person arrested committed it. (See Schultz v. Greenwood Cemetery, 190 N. Y. 276, 278; Tyson v. Bauland Co., 186 N. Y. 397; Agar v. Kelsey, 253 App. Div. 726.) Correlatively, a warrantless felony arrest by a peace officer, upon the positive identification of the victim of the felony, is lawful, even though it turns out later that the instigator was in error as to the identity of the felon. (Langley v. City of New York, 40 A D 2d 844, 845; Day v. Levine, 181 App. Div. 261, 262-263, affd. 228 *26 N. Y. 588; Davenport v. New York Cent. & Hudson Riv. R. R. Co., 149 App. Div. 432; Grinnell v. Weston, 95 App. Div. 454, 458-460; Stearns v. New York City Tr. Auth., 24 Misc 2d 216, 219, affd. 12 A D 2d 451; Saunders v. State of New York, 14 Misc 2d 881; Bass v. State of New York, 196 Misc .177, 179, 181.) And where the evidence is not in conflict or is conceded, the reasonableness of the peace officer’s belief that the arrested person committed the crime is a question of law for the court. (Tyson v. Bauland Co., supra, at p. 400; Burns v. Erben, 40 N. Y. 463, 467; Langley v. City of New York, supra.)
Here, there is no dispute that a felony was committed. Admittedly, there is evidence that on the night of the assault, the complainant made a tentative identification of another as his assailant. Also, the plaintiff did not exactly match the description of the assailant as initially recalled by the complainant. These facts were known to the arresting officer. But it remains, irrespective of what went before, that after a face-to-face encounter, the complainant positively and unequivocally identified the plaintiff as his assailant and signed a statement to that effect. After obtaining that statement, Detective Kelly returned to the Smith home and arrested Smith without a warrant. Under these circumstances, the police officer not only had reasonable cause to arrest Smith, but was under a duty to do so. As the majority at the Appellate Division noted, “ The police officer might well have been charged with a dereliction of duty if he had not made the arrest after the complainant had not only identified plaintiff as his assailant but had also signed a statement to that effect. ’ ’ There can be little doubt that had the officer sought an arrest warrant, one would have been issued. But a warrant was not required where a felony had been committed and the officer had reasonable cause to believe the person arrested had committed it. In sum, the victim’s positive identification of the plaintiff as the assailant, coupled with the fact of the felonious assault, established the police officer’s justification defense as a matter of law and protected him, and the municipality, from liability. (Langley v. City of New York, supra, at p. 845; Grinnell v. Weston, supra, at pp. 458-460.) Consequently, the defendant’s motion to dismiss on that ground should have been granted.
*27 Chief Judge Breitel and Judges Gabrielli, Jones and Stevens concur with Judge Babin ; Judge Jasen dissents and votes to affirm in a separate opinion; Judge "Wachtler taking no part.
Order reversed, with costs to party ultimately prevailing, and case remitted to Appellate Division for further proceedings in accordance with opinion herein.