■ GEORGE VENNARD, Respondent, v. SUNNYSIDE SAVINGS AND LOAN ASSOCIATION et al., Appellants, et al., Defendant.— In an action to recover damages for false arrest and imprisonment and malicious prosecution, defendants appeal from an order of the Supreme Court, Queens County, dated August 14, 1973 and entered in Kings County on September 5, 1973, which denied their separate motions for summary judgment dismissing the complaint. Order reversed, on the law, without costs, motions granted and complaint dismissed. On October 26, 1970, defendant Sunnyside Savings and Loan Association was held up and $2,600 was turned over to the robber by codefendant Reynolds (sued herein as Robinson), a teller in the bank. Reynolds was interviewed by the authorities and then she accompanied detectives to police headquarters where she was shown approximately 200 photographs. Out of these photographs, she identified one of plaintiff as the person who had committed the robbery. Plaintiff was subsequently apprehended and Reynolds identified him in three lineups. A complaint was signed by Reynolds in the Criminal Court of the City of New York and plaintiff was subsequently indicted by a Grand Jury of Queens County for the crime of robbery. He was brought to trial and acquitted by a jury. Plaintiff has offered no proof from which an inference can be drawn overriding the presumption flowing from the indictment that the arrest was based on probable cause (*Langley* v. *City of New York*, 40 A D 2d 844). Furthermore, defendants took no part in the arrest or imprisonment of plaintiff, but merely gave information to the legal authorities identifying plaintiff as the person who had committed the robbery. No liability for false arrest or imprisonment will flow from such a state of facts (*Francis* v. *Taft Cleaners & Dyers*, 281 App. Div. 893). In order for plaintiff to make out a prima facie case of malicious prosecution he must be prepared to prove the necessary ingredient of malice. Yet his entire case, as presented in the pleadings, bill of particulars and papers on these motions for summary judgment, rests solely on mistaken identification as proved by the subsequent acquittal. There is not a shred of allegation that Reynolds gave false or perjurious testimony; nor is there anything in the record which could possibly give rise to an inference of malice. Absent the necessary ingredient of malice, there can be no malicious prosecution and, thus, the complaint must be dismissed (*Goldstein* v. *Siegel*, 19 A D 2d 489). The fact that defendants disagreed with each other as to whether the bank was liable for Reynolds' actions does not create a triable issue which can salvage plaintiff's case, since the bank's liability for its employee's actions bears no relation to whether plaintiff has established a prima facie cause of action. Furthermore, even if the issue were relevant, the bank conceded its liability for its employee's actions for the purpose of its motion. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.