BENJAMIN DILLARD, Respondent, v CITY OF SYRACUSE, Appellant.

Fourth Department, April 9, 1976

*Edward P. Kearse, Corporation Counsel (Jeffrey McCrone* of counsel), for appellant.

*Bond, Schoeneck & King (Carl Worboys* of counsel), for respondent.

GOLDMAN, J: City of Syracuse (City) appeals from an order of Onondaga County Court which affirmed a judgment of the City Court of Syracuse, pursuant to a jury verdict in the sum of $4,500 for damages suffered by the plaintiff as a result of an alleged false arrest and false imprisonment. The City contends that it established a prima facie defense of justification for the arrest and imprisonment by a showing that the plaintiff was held by a Judge after a preliminary examination, that the accused was indicted by a Grand Jury and that therefore the trial court erred in its denial of defendant's motions to dismiss.

The facts are not in substantial dispute. On August 15, 1967 the plaintiff and a companion, both of whom were drug addicts, learned that a group of narcotics dealers from New York City had been forced to throw away their supply of drugs when the Onondaga Hotel, in which they were located, was raided by the police. Plaintiff's companion, one Eure, accompanied plaintiff to the hotel and asked the desk clerk for the key to the door leading to the roof. The police were

notified of the request and two detectives and numerous uniformed officers responded. The plaintiff had been in the hotel about 15 to 20 minutes before the police arrived.

A search of the interior roof was made by the police and they found a bag containing drugs and drug paraphernalia. While the search was in progress plaintiff went to the hotel bar for a drink, then left the hotel and was standing on the corner across the street from the hotel when he was put under arrest for possession of dangerous drugs. The detective in charge who had ordered plaintiff's arrest testified that because of his knowledge of plaintiff's and his companion's "past reputations as addicts" he "presumed" that the articles found on the roof belonged to them, although they did not have actual physical or constructive possession of the drugs.

Plaintiff and Eure were arraigned on the possession charge and a preliminary examination was held. The Judge presiding at the hearing bound plaintiff and Eure over for Grand Jury action, stating that "I feel that there is probable cause to believe that some crime, not necessarily the one alleged, has been committed". The Grand Jury indicted the plaintiff and Eure and on a motion to inspect the Grand Jury minutes the indictments were dismissed. The plaintiff was then freed from custody after serving over five months in jail.

At the City Court trial the parties stipulated to the following facts:

1. That the plaintiff was arrested on a felony charge;

2. That he was held over for Grand Jury action after a preliminary examination;

3. That he was indicted;

4. That he was subsequently released by order of the County Court;

5. That the materials found in the bag were narcotics.

After denial of the City's motions at the close of all the evidence, the jury awarded plaintiff a total of $4,500 which they divided into $3,000 for unlawful imprisonment and $1,500 for lost wages. The City Court judgment was affirmed by the County Court.

Appellant City's principal ground for reversal is based on its claim that it established a prima facie defense which was not rebutted or overcome at trial. The City argues that the preliminary examination and indictment are prima facie evi-

dence that reasonable cause existed for both the arrest and prosecution of respondent.

When an officer arrests a person without a warrant his actions are not cloaked with judicial recognition that reasonable cause existed for the arrest. "The requirement that an officer have reasonable cause for a warrantless arrest represents a compromise, with its roots deep in the common law, between the individual's interest in personal liberty and society's competing interest in its own protection through the apprehension of criminals" *(Smith v County of Nassau,* 34 NY2d 18, 23). The arrest in the instant case being without a warrant, "the presumption arises that such arrest and imprisonment were unlawful, and the burden of proving justification rested on defendant" *(Woodson v New York City Housing Auth.,* 10 NY2d 30, 33; see, also, *Cicurel v Mollet,* 1 AD2d 239, 241, affd 1 NY2d 797; *Bonnau v State of New York,* 278 App Div 181, 182, affd 303 NY 721; *Clark v Nannery,* 292 NY 105, 108; *Schultz v Greenwood Cemetery,* 190 NY 276, 278). This presumption is rebutted if, applying the reasonable, prudent person test, the arresting officer, acting in good faith, had "reasonable cause for believing the person to be arrested to have committed [a felony]" *(People v Coffey,* 12 NY2d 443, 451).

The appellant City contends that it has established a prima facie defense and has successfully rebutted the presumption of illegality surrounding a warrantless arrest. The cornerstone of its argument is that the prima facie rule is applicable in the instant case because of the legal steps starting with the preliminary examination and ending with the Grand Jury indictment of the respondent. In support of this position appellant cites *Schultz v Greenwood Cemetery (supra); Agar v Kelsey* (253 App Div 726) and *Morgan v New York Cent. R. R. Co.* (256 App Div 177). Several more recent cases, *Vennard v Sunnyside Sav. & Loan Assn.* (44 AD2d 727); *Langley v City of New York* (40 AD2d 844, affd 34 NY2d 885); *Dixson v State of New York* (30 AD2d 626), are in accord with the earlier decisions.

However, in *Broughton v State of New York* (37 NY2d 451) the Court of Appeals firmly rejected appellant's position. The fact pattern in *Broughton* is very similar to the instant case, for there the plaintiff was arrested without a warrant for possession of drugs, arraigned, had a preliminary examination, was indicted and the criminal charges were thereafter

dismissed in County Court. Writing for an unanimous court in *Broughton,* Judge WACHTLER reaffirmed the common-law distinction between false imprisonment and malicious prosecution in this statement at pages 457-458:

"The distinction between false imprisonment and malicious prosecution in the area of arrest depends on whether or not the arrest was made pursuant to a warrant. As noted in the Restatement, 2d, an unlawful detention gives rise to a cause of action for false imprisonment 'except where the confinement was by arrest under a valid process issued by a court having jurisdiction' (Restatement, 2d, Torts, § 35, comment *a;* Prosser, Torts [4th ed], § 11). When an unlawful arrest has been effected by a warrant an appropriate form of action is malicious prosecution. This distinction is critical not only because it affects the allegations and proof but also because it brings the prima facie rule into operation.

"Essentially this rule recognizes the prima facie validity of actions where there has been a judicial evaluation. Accordingly, the Magistrate's consideration of the arrest warrant application will generate a presumption that the arrest was issued on probable cause. However, this reasoning is not applicable where the arrest is made without a warrant."

Appellant claims that the trial court erred when it refused the City's request to charge that "reasonable cause to arrest is presumed upon a showing that plaintiff was held by a Magistrate after arraignment, was held by the grand jury, after a judge * * * after a preliminary examination". In its main charge the court stated that the plaintiff was seeking to recover damages for false arrest and false imprisonment. The charge did not include any instruction on the law of malicious prosecution. No objection was taken to this and no request was made relating to it. The trial court's charge fully and properly instructed the jury. The jury's verdict clearly indicated that it found damages only for the illegal imprisonment and respondent's lost wages. Appellant's challenge to the court's charge is without merit.

The County Court's order affirming the City Court judgment should be affirmed.

MARSH, P. J., SIMONS, DILLON and WITMER, JJ., concur.

Order unanimously affirmed, with costs.