ELIZA TYSON, Respondent, *v.* JOSEPH H. BAULAND COMPANY, Appellant, Impleaded with Another.

FALSE IMPRISONMENT — ERRONEOUS REFUSAL TO CHARGE AS TO LIA-
BILITY FOR ARREST. Where it appears in an action to recover damages
for false imprisonment that the person making the arrest was a special
patrolman appointed by the police board of the city of New York, at the
request of the defendant, under section 308 of the charter (L. 1897,
ch. 378), which provided that such patrolman should "possess all the
powers and discharge all the duties of the police force applicable to
regular patrolmen," but that he should be paid by the party upon whose
application he is appointed, and the trial court expressly charges that the
acts of the officer in connection with the arrest of the plaintiff were per-
formed in his capacity as a police officer, it is reversible error to refuse to
charge that the defendant was not liable therefor, since the latter was
liable only for the acts of the officer, committed by him as its employee.

*Tyson* v. *J. H. Bauland Co.*, 106 App. Div. 612, reversed.

(Argued October 15, 1906; decided November 20, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 21, 1905, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John L. Wilkie*, *William B. Goodwin* and *Learned Hand*
for appellant. The court having charged that O'Reilly made
the arrest in his capacity as a police officer the exception was
well taken to the refusal then to charge that the defendant
was not liable for the acts of O'Reilly, there being no evi-
dence of the relation between them of master and servant.
(L. 1897, ch. 378, § 308; *Hershey* v. *O'Neill*, 36 Fed. Rep.
168; *T. B. I. Co.* v. *Steinmeier*, 72 Md. 313; *Brill* v. *Eddy*,
22 S. W. Rep. 488; *Jardine* v. *Cornell*, 50 N. J. Law, 485; 2
Wood's Railroad Law, 1213; *Hardy* v. *C., M. & St. P. R. R.
Co.*, 58 Ill. App. 278; *U. D. & R. Co.* v. *Smith*, 16 Col. 361;
*Woodhull* v. *Mayor, etc.*, 150 N. Y. 450; *Dempsey* v. *N. Y.*

*C. & H. R. R. R. Co.*, 146 N. Y. 290 ; *Lathrop* v. *Healy*, 50 N. E. Rep. 540 ; *Tucker* v. *E. Ry. Co.*, 54 Atl. Rep. 557.)

*I. R. Oeland* for respondent. No error is presented by the refusal of the court to charge that " the defendant was not liable for the acts of O'Reilly, there being no evidence of relation between them of master and servant." (*Sharp* v. *E. R. R. Co.*, 184 N. Y. 100.) A special police officer can act as the agent or servant of another person so as to render such person liable for his acts done within the scope of his authority. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 133 ; *Mott* v. *C. I. Co.*, 73 N. Y. 550 ; *C. S. Mfg. Co.* v. *Gorsling*, 63 App. Div. 572 ; *Dann* v. *Wormser*, 38 App. Div. 460 ; *Tyson* v. *Bauland*, 68 App. Div. 310 ; 85 App. Div. 612.)

CULLEN, Ch. J. This action was brought against the appellant and a special police officer, Thomas O'Reilly, for damages for false imprisonment. The appellant conducted a large department store or shop in the city of Brooklyn. In August, 1898, a Mrs. Margaret Gillin, a customer at the store, while examining goods exposed for sale, left her satchel containing the sum of twenty-five dollars in money with other articles on a counter or table in the shop. While her attention was diverted from her satchel it was carried off. After stating her loss she was told by a clerk of appellant to go to the entrance of the store and to watch there for any one taking the satchel out. This she did, and observed the plaintiff with the satchel apparently seeking to leave the store. She demanded the satchel, which was surrendered to her, opened it and found her money was gone. She called the attention of a floorwalker of the defendant to the fact, and he brought the defendant O'Reilly, a special policeman, to the scene. Mrs. Gillin told the policeman of her loss, and upon such complaint being made, according to the plaintiff's testimony, the following colloquy took place between her and the police officer : " He came running over very excitedly and grabbed me by the left arm, and asked me if I had that satchel, and I said,

' Yes, sir, I had the satchel.'  And he said, ' Well, where is
the money ? '  I said, ' Officer, I know nothing of the money
whatever.  A lady on the balcony asked me if I would be
kind enough to hand this satchel to this woman.'  And he
said, ' Oh, come off, come off, who was the other woman ? '
I said, ' Officer, I never saw her face before, as God is my
judge.'  ' Well,' he said, ' well, tell me who she is, and where
the money is and I will let you go.'  And I said, ' Officer,
don't you dare insult me like this.  You investigate this case
and you will find I am telling the truth.  I am a respectable
married woman and the mother of children and would not be
guilty of a thing like this.'  He said, ' Well, then, you have
to go to the station house; step outside.'  I said I was
a respectable married woman and lived at 1854a Pacific
Street.  He wouldn't listen to me, he shut me up.  I did not
tell him my name when I was speaking to him, he wouldn't
listen."  Thereupon the plaintiff was arrested, taken to the
station house, detained to next day, when on examination
before the magistrate she was committed to await the action
of the grand jury.  No bill against her was found by the
grand jury.  Thereafter this action was instituted.  The case
was submitted to the jury, which found a verdict for the
plaintiff, and the judgment on that verdict has been unani-
mously affirmed by the Appellate Division, though it allowed
an appeal to this court.

Since the affirmance of the Appellate Division was unani-
mous we are precluded from reviewing the motion for a non-
suit made at the close of the case, and we find no exception
in the record sufficient to raise the question whether, on the
state of facts as testified to by the plaintiff herself, there was
not reasonable cause for believing the plaintiff to have com-
mitted the felony which appears on the trial concededly to
have been committed.  Though the plaintiff was, in fact,
innocent, still, if the circumstances were such as would jus-
tify a careful and prudent person, acting circumspectly, in
believing that the plaintiff was guilty of the offense, there
was reasonable cause and the arrest was justified.  (Code

Crim. Pro. § 177, subd. 3.) The complaint in this action appears to have been framed in the double aspect of an action for false·imprisonment and malicious prosecution charged in a single count. On a previous appeal from a judgment recovered by the plaintiff the learned Appellate .Division held that "the proof wholly failed to establish want of probable cause. The possession of the stolen property by the respondent, notwithstanding her explanation, being sufficient to support a conviction, it cannot be said that it was insufficient to warrant a prosecution. So far, therefore, as the verdict may have been based on the claim of malicious prosecution, it must be regarded as without warrant of law, and the judgment must be reversed, if for no other reason than because it may be founded on this unproven claim." (*Tyson* v. *Bauland Co.,* 68 App. Div. 310.) . With this view we are inclined to concur, but we are at a loss to perceive why it was not equally fatal to the action for false imprisonment, for the legality of the arrest and the right to prosecute depended on exactly the same thing, to wit, the existence of reasonable or probable cause, and that, where the facts are conceded, is a question by law. But, as already said, we do not find any exception cognizable in this court to fairly raise the question.

This brings us to the further question of the liability of the appellant for the arrest by O'Reilly. He was appointed by the police board a special patrolman under the provisions of section 308 of the Greater New York charter, which authorize the appointment of such officers to do special duty at any place in the city of New York upon the persons or corporations by whom the application is made paying in advance such patrolman's salary, and as such the officers are " subject to the orders of the chief of police and shall obey the rules and regulations of the Police Department and conform to its general discipline and such special regulations as shall be made, and shall during the term of their holding appointment possess all the powers and discharge all the duties of the police force, applicable to regular patrolmen, and may be at

any time removed by the police board." The application for O'Reilly's appointment was made by the appellant and by it he was paid his salary. The defendant admitted in its answer that such application was made in order "to protect itself and its patrons from thieving, keep the peace on its premises and prevent mischief and disorder on the part of intoxicated or disorderly persons." It expressly denied, however, that it authorized the plaintiff's arrest, and alleged that the arrest was made solely on the authority of O'Reilly as a police officer. We have recently, in the case of *Sharp* v. *Erie Railroad Co.* (184 N. Y. 100), had occasion to examine the liability of a railroad company for the acts of a deputy sheriff in the employ of the company for the protection of its property, and it was there said by Judge O'BRIEN that the railroad company employing a servant who happens to be a public officer acquires no immunity by such employment. There the act done by the employee was in the protection of the employer's property, the boy assaulted having been stealing a ride, and it was held to be a question of fact for the jury to determine whether the servant acted within the scope of his employment or in the capacity of a public officer. Here, however, the act was done by the policeman, not in the protection of his master's property, not in the discharge of the master's duty to maintain peace and order on the premises, but solely on the personal complaint of Mrs. Gillin, whose property had been stolen. Neither the defendant nor any of its employees instigated the arrest or seem to have taken any part in it except that when the altercation occurred between Mrs. Gillin and the plaintiff as to the theft, the floorwalker called the police officer to the scene. The appellant owed Mrs. Gillin no duty as to the matter. The case is not at all similar to that of *Bunnell* v. *Stern* (122 N. Y. 541). There the customer was invited to lay off the cloak which she was wearing while trying on a new garment. She put it on a counter, the only place provided for the purpose, from which it was stolen. It was held that the defendant was bound to use some care for the property necessarily laid aside by his implied

26

invitation in order to attend to the business in hand. In the present case there was no invitation, express or implied, for Mrs. Gillin to lay aside her satchel. The case was substantially the same as if money had been purloined from her pocket. Doubtless the keeper of a store or shop owes some duty to the customers who frequent it. He is bound to maintain order, and probably to eject therefrom persons whose conduct and demeanor is such as to threaten the security of the persons or property of his customers. His responsibility is not at most greater than that of a common carrier or an innkeeper. Even as to the former it has been held that there is no such privity between a railroad company and a passenger as would make it liable for the wrongful act of one passenger on another. (*Putnam* v. *Broadway & Seventh Ave. R. R. Co.*, 55 N. Y. 108.) It was there said that while the company has the power of refusing to receive or accept any person who is drunk, disorderly, riotous, or so demeans himself as to endanger the safety or interfere with the comfort or convenience of the passengers, and may eject from the cars any one so offending, it is not liable for wanton assault committed by one passenger upon another where there is nothing in the conduct or the appearance of the offender to warrant the conductor in anticipating danger from him. So, also, a company is not liable for the theft of an overcoat taken from the seat of a passenger, or for other property retained in his possession while traveling (*Tower* v. *Utica & Schenectady R. R. Co.*, 7 Hill, 47); this, of course, in the absence of negligence on the part of the company. Therefore, the appellant was in no way liable for the theft of Mrs. Gillin's property. It is urged by the learned counsel for the respondent that however this may be, the appellant assumed to protect the persons and property of its customers, and has so admitted in its answer. But in what manner did it seek to protect its customers? Not by assuming to arrest by its servants or employees any offender, but by obtaining the constant presence on the premises of a policeman, a public officer, both empowered and enjoined by law to arrest offenders, and

for that purpose paying his salary.    In his conduct in matters not relating to duties and obligations or property of the appellant he is not to be considered as acting as its servant, but as an officer of the law.— The learned trial judge seems to have been of this opinion, for in response to a request by the appellant he expressly charged that the acts of O'Reilly in connection with the arrest of the plaintiff were performed in his capacity as a police officer of the city of New York.   But a further request to charge that for such act the appellant was not liable he refused, to which refusal the defendant duly excepted. This exception presents a question of law, which is before us for review.    In our opinion the refusal of the learned trial judge to charge this request was manifest error.    The appellant was liable only for acts committed by O'Reilly as its employee, not in his conduct as a police officer.   If it be assumed that under the evidence the jury might have found that O'Reilly acted as the employee of the appellant, that would not cure the error of the court in refusing the appellant's request to charge.    The jury, to say the least, might have found that O'Reilly in making the arrest of the plaintiff acted as a police officer, and the appellant was entitled in such event to the specific charge that for his act as a police officer it was not liable.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

HAIGHT, VANN, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., not sitting; GRAY, J., absent.

Judgment reversed, etc.