Frank S. McCullough, J.
This is a special proceeding, pursuant to article 78 of the Civil Practice Law and Buies, in which the petitioner seeks an order of this court directing the Common Council of the City of White Plains to permit him to make recordings of the proceedings at all public meetings of the Common Council by use of a self-powered electronic recording device. It was conceded on the argument that the respondent, the Common Council of the City of White Plains has refused to permit the petitioner to make such recordings. It is the position of the respondent that being a legislative body it has the power to control its own proceedings and could lawfully exercise its power by refusing to permit such recordings.
It is the petitioner’s contention that the action of the City Council was improper and unlawful.
This proceeding is instituted under section 7801 of the new Civil Practice Law and Buies which as pointed out in McKinney’s Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB, § 7801, p. 17): “ The language of CPA § 1283 ‘ These classifications * * * of certiorari to review, mandamus and prohibition are hereby abolished ’ was omitted in recognition that the adoption of Article 78 of the CPA (now Article 78 of the CPLB) left untouched the substantive rights formerly enforced under the writs, merely eliminating procedural distinctions ”.
Mr. Justice Eager in 1955 in Matter of Leichter v. Barrett (208 Misc. 577, 579-580) succinctly stated the law as follows: “it is clear that an article 78 proceeding will not lie either to review legislative action or to compel a legislative body to act in a particular manner * # * [citing cases]. And also, it is settled that mandamus will not lie to compel a legislative body to take legislative action in a particular way. Legislative discretion may not be interfered with by the courts. (See 55 C. J. S., Mandamus, § 130, and Matter of Larkin Co. v. Schwab, 242 N. Y. 330.) On the other hand, it is also clear that, where a legislative body arbitrarily refuses to perform an act purely administrative in nature and which should as a matter of law be performed by it, the court may compel it to do its duty (see Matter of Larkin Co. v. Schwab, supra) ”.
The petitioner in his moving papers states: “It is my contention that, so long as a meeting is public, members of the public must be admitted to see, hear, memorize, take notes of, tape record, wire record or even photograph the proceedings had at such a meeting provided only that the behavior of the *1055 members of the public at the size, shape, sound, order, manner of operating or location of any recording equipment used shall not be such as to disturb or interfere with the proper, orderly and peaceful conduct of the business of the meeting.”
It is undisputed that the charter provides that the meetings of the Council shall be public and stated meetings shall be held as provided by ordinance or resolution but at least one meeting shall be held each month. The charter further provides that the Council shall determine the rules of its own proceedings and its meetings shall be public, except when the public interests require secrecy, but no vote shall be taken in secret or executive session.
The petitioner states that it is his position “ that any attempt by the Common Council to regulate the character of a public meeting by banishing recording devices serves to destroy the public notice of the meeting. ’ ’
The petitioner with commendable frankness expresses his reasons for seeking to record the Council proceedings. After stating that he does not “ criticize the Mayor, or the members of the Common Council for any lack of ability, any inefficiency, any malfeasance or any disinterest in the performance of their duties ” he asserts “ Perhaps just providing for the public factual and realistic accounts of what transpires at council public meetings might be the means of obtaining candidates interested in running for office * * * or the means of arousing public interest which might have a beneficial effect on council activities ’ ’.
The great steps made in communication whether it be radio, television or recording have as Edward it. Murrow once said: ‘1 largely turned conversation into assertions and letter writing into telegrams. The reporter and the listener, or the reader are overrun and smothered, trampled down by the newest event before they can gain perspective on the one that just passed by ’
The legislative process should not be turned into a show where portions of tape-recorded material can be played on radio or television between the trumpeters of modern merchandising expounding the virtues of tooth paste, cigarettes, soap powder or the mellowness of a new beer.
It is essential that a legislative body have the right to regulate its own halls in the same manner as a Judge must control the conduct of his courtroom.
The fact that legislative halls or courtrooms are open to the public does not give the public a vested right to televise, photograph or use recording devices. The reasons such places are open to the public is to prevent the possibility of star chamber *1056 proceedings. It is unquestioned that people should have the right to see the legislative process in action and there is no denial of that right involved in this proceeding. If in the judgment of the legislative body the recording distracts from the true deliberative process of the body it is within their power to forbid the use of mechanical recording devices.
The petitioner points out that the Council itself has a recording machine that is bulky and requires outside power source and employs several external microphones strategically located in the room. Such an instrument is within the control of the Council. This practice is now one conducted in many local communities. The tape is used for the benefit of the Clerk in the preparation of minutes and after the Clerk has prepared the minutes, the tape is filed, indexed and available for public inspection. Whether such a procedure is followed in the City of White Plains does not appear in the papers nor is it necessary to ¡sustain the action of the Council (L. 1915, ch. 356, as amd.).
Section 29 of the White Plains City Charter gives the .said Council power to regulate its own proceedings. This court holds that the action of the Council in forbidding the use of mechanical recording devices was within the scope of its legislative powers as contained in the City Charter. The application is denied.