OPINION OF THE COURT
Stuart Namm, J.
Defendants are each charged in separate informations with obstructing governmental administration and criminal trespass in the third degree in violation of sections 195.05 and 140.10 of the Penal Law, respectively. As to the charge of obstructing governmental administration, it is alleged, inter alia, that they acted in concert with one another, and that *1106 each "did interfere with a school board meeting by recording a session of the meeting after he was notified by school officials that he was in violation of a school board ruling which prohibits the use of a recording device[s] at meetings.” As to the charge of criminal trespass in the third degree, it is alleged, inter alia, that each refused to leave the school board meeting room of the Brentwood School Administration Building after "he was so advised [to leave] because he had interfered with a meeting in progress.”
Defendant Arthus is a duly elected member of the Board of Education of the Brentwood School District, and defendant Ystueta is a resident of that school district. The meeting in question was a public meeting of the board of education of the school district. At a previous meeting, the board of education had adopted a by-law which prohibited the tape recording of school board meetings.
Defendants move to dismiss the informations on the grounds that they are defective on their face, and insufficient as a matter of law, and on the further grounds that the underlying by-law prohibiting the use of tape recorders at school board meetings is unconstitutional.
Section 1709 of the Education Law grants to the board of education of every union free school district the power: "1. To adopt such by-laws and rules for its government as shall seém proper in the discharge of the duties required under the provisions of this chapter.”
Clearly, therefore, on the face of the statute, it would appear that the board of education has been granted legislative authority to adopt the by-law at issue in these cases. Furthermore, in 1978, the State Comptroller offered the opinion "that a village board of trustees can prohibit use of recording devices at the regular meetings.” (Opns St Comp, 1978, p 457.) In coming to such conclusion, the Comptroller cited Matter of Davidson v Common Council of City of White Plains (40 Misc 2d 1053) and Matter of Arthus (NYLJ, May 26, 1978, p 14, col 1) a Suffolk County Supreme Court article 78 proceeding involving the same parties as the instant case, and the same issues, albeit in a civil proceeding brought on by these defendants. In the latter case, the court recognized the authority of the board of education to adopt such a by-law, but declined to address itself to the question of constitutionality, leaving such question to be answered, if at all, in these proceedings.
*1107 While a school district may be bound by the opinions of the Comptroller in matters involving fiscal policy and finances, this court is not bound, nor is it compelled by stare decisis, or otherwise, to agree with the aforesaid opinion of the Comptroller. Such opinion, while recognizing the existence of the Open Meetings Law (Public Officers Law, § 95 et seq.), has seemingly, in this court’s opinion, failed to come to grips, in a practical way, with the import of such law, or the public policy incorporated therein.
The Legislature has now declared: "It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the government process to operate for the benefit of those who created it.” (Public Officers Law, § 95.)
These historic words have had a great impact, and will continue to have a greater impact, upon the manner in which governments, including school districts, and their agencies, conduct their public business in this State. It is the stated intent of the Legislature to insure that the public "be fully aware of * * * the performance of public officials and * * * be able to remain informed * * * to retain control over those who are their public servants.” What better way to remain informed than to record the public utterances of school district officials in the public performance of their duties? What better way to help restore and retain public confidence in government than to permit the unobtrusive recording of public meetings?
Matter of Davidson (supra) was decided in 1963, some 15 years before the legislative passage of the "Open Meetings Law”, and before the widespread use of hand-held cassette recorders which can be operated by individuals without interference with public proceedings or the legislative process. While this court has had the advantage of hindsight, it would have required great foresight on the part of the court in Davidson to foresee the opening of many legislative halls and courtrooms to television cameras and the news media, in general. Much has happened over the past two decades to *1108 alter the manner in which governments and their agencies conduct their public business. The need today appears to be truth in government and the restoration of public confidence and not "to prevent the possibility of star chamber proceedings.” (Matter of Davidson, supra, pp 1055-1056.) In the wake of Watergate and its aftermath, the prevention of star chamber proceedings does not appear to be lofty enough an ideal for a legislative body; and the Legislature seems to have recognized as much when it passed the Open Meetings Law, embodying principles which in 1963 was the dream of a few, and unthinkable by the majority.
Moreover, there appears to be an even larger principle involved in the charges against defendant Arthus, a duly elected member of the Brentwood Board of Education. By the simple act of exclusion by majority vote, without a hearing, or the filing of charges, a majority of the school board seeks to oust a minority member for the alleged violation of a by-law. The practical effect is to disenfranchise those taxpayers by whose vote the defendant was elected to the board. Beyond that, because the defendant has seen fit to challenge such action, by refusing to leave a school board meeting, at which he had a legal right to be present, criminal charges have been filed against him, and the full force of the criminal justice system is being brought down upon him to insure that he comply with the will of the majority.
This nation was to a large extent built by small groups of minorities who sought to escape the tyranny and oppression of a repressive majority. The system which has been developed to protect the individual should not be utilized to force the majority will upon an individual who, acting within his legal and constitutional rights, seeks to challenge a by-law which appears to violate the public policy and principles by the State Legislature, and by so doing seeks to shed greater light on what is a public proceeding. The by-law in question, which would indirectly be given full force and effect if this court were to permit the continued prosecution of these two defendants, if enforced, would result in a diminution of freedom and a lessening of public confidence in the legislative process. The evil sought to be precluded by the by-law is far outweighed by the attendent loss of public trust where it appears that government has something to hide.
This court need not consider the question of whether or not any constitutional rights of the defendants have been violated, *1109 since the underlying by-law violates the public policy and principles expressed in section 95 of the Public Officers Law, and accordingly, the informations based thereon are insufficient as a matter of law. For all of the foregoing reasons, the application to dismiss these informations is granted, and each of the aforesaid informations is dismissed.