Hon. John W. Sutton Town Attorney, Town of Galway
This is in response to your request for an opinion of the Attorney General in regard to the following questions:
 1. May a town board totally preclude the use of tape recorders at public meetings of such board?
 2. Does a town board have the authority to compel the zoning board of appeals and the planning board of such town to tape record their meetings?
Prior opinions of this office have concluded that town boards and village boards of trustees have the authority to prohibit the use of tape recorders by the public and by members of such boards during sessions of their respective board meetings (1969 Atty Gen 157; 1970 Atty Gen 87; 1972 Atty Gen 239). These opinions relied on the decision in Matter ofLeon Davidson v Common Council of the City of White Plains, New York,40 Misc.2d 1053 (Sup Ct, Westchester Co [1963]), which held that a provision of the White Plains City Charter giving the City Council the power to regulate its own proceedings includes the power to forbid the use of recording devices. In reaching its conclusion, the Court stated: "If in the judgment of the legislative body the recording distracts from the true deliberative process of the body it is within their power to forbid the use of mechanical recording devices."
However, since Matter of Davidson was decided, another Court in People vYstueta, 99 Misc.2d 1105 (Dist Ct, Suffolk Co, 1st Dist [1979]) has reached the opposite conclusion, holding that a board of education by-law, which prohibits the tape recording of public school board meetings, violates the public policy and principles expressed in the Open Meetings Law (Public Officers Law § 95, et seq.). In distinguishing Matter of Davidson, the Court noted:
 "Matter of Davidson (supra) was decided in 1963, some 15 years before the legislative passage of the `Open Meetings Law', and before the widespread use of hand-held cassette recorders which can be operated by individuals without interference with public proceedings or the legislative process."
Based upon the sound reasoning expressed in the Ystueta decision, which we believe would be equally applicable to town board meetings, we conclude that a town board may not preclude the use of tape recorders at public meetings of such board. Our adoption of the Ystueta decision requires that the instant opinion supersede the prior opinions of this office, which are cited above, and which were rendered before Ystueta was decided.
We have limited our opinion to the tape recording of meetings which are open to the public, and we do not address the situation in which a public body enters into executive session, where the exclusion of the public is expressly provided for by the Open Meetings Law (Public Officers Law § 100).
You also question whether a town board may compel the zoning board of appeals and the planning board of such town to tape record their meetings. While the Open Meetings Law sets the minimum access which must be afforded to the public, public bodies are free to adopt provisions which are less restrictive with respect to public access than the "Open Meetings Law" (Public Officers Law § 105).
While Town Law § 267 (1) provides that meetings of a zoning board of appeals must be open to the public and that such board must keep minutes of its proceedings, there is no provision regarding the tape recording of such meetings. Likewise, Town Law § 272 provides that a town planning board may adopt rules and regulations governing its procedures after a public hearing and subject to approval of the town board but makes no provision concerning the tape recordings of its meetings.
In 1976, the Municipal Home Rule Law was amended to authorize each town in the State to adopt local laws amending or superseding provisions of the Town Law relating to the property, affairs or government of the individual town unless the Legislature has expressly prohibited the adoption of such a local law or the provision deals with one of four enumerated areas of governmental powers (Municipal Home Rule Law §10, subd 1, par [ii], cl d, subcl [3]). The tape recording of public meetings has not been expressly prohibited by the Legislature, nor does it fall within any of the four excluded areas.
Consequently, it appears that in regard to public meetings of a zoning board of appeals and a town planning board, the town board may by local law compel such boards to tape record their meetings.
However, in regard to those sessions of the boards which are properly conducted in private in order to insure free discussion, we believe that a town board may not compel such boards to tape record their private discussions. In the Matter of Orange County Publications v Council of theCity of Newburgh, 89 Misc.2d 847 (Sup Ct, Orange Co [1977], mod and affd60 A.D.2d 409 [2d Dept, 1978], affd 45 N.Y.2d 947 [1978]), it was held that the portion of a meeting of the zoning board of appeals during which the board conducts its deliberations is judicial in nature and therefore may be held in private. Moreover, a prior opinion of this office (1974 Atty Gen 317) concluded that a zoning board of appeals may hold informal discussions in private in order to insure free discussions and that a member of the town board had no greater authority to be present than a member of the general public. It appears that this reasoning in regard to a zoning board of appeals would also apply to private deliberations of a town planning board.
Therefore, we conclude that a town board may not preclude the use of tape recorders at public meetings of such board and that a town board may by local law compel the zoning board of appeals and the planning board of such town to tape record their public meetings but may not compel them to tape record their private discussions and deliberations.