■ BERT FELDMAN, Respondent, v TOWN OF BETHEL et al., Appellants. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered June 29, 1983 in Sullivan County, upon a verdict rendered at Trial Term (Connor, J.), and (2) from

an order of said court, entered May 16, 1983 in Sullivan County, which denied defendants' motion to set aside the verdict.

On February 6, 1980, plaintiff, then a 57-year-old senior editor of the *Sullivan County Democrat,* attended a meeting of the Town Board of the Town of Bethel in Sullivan County. Plaintiff, who had received information from the Executive Director of the State Committee on Public Access to Records (now State Committee on Open Government) and was of the view that he could legally tape record the town board meeting, had a tape recorder, with which he planned to tape record the meeting. Defendant George Neuhaus, Supervisor of the Town of Bethel, apparently met with plaintiff prior to the meeting and informed him that he would not be permitted to tape record the meeting. The tone and precise content of this meeting was disputed.

As the meeting convened, plaintiff turned the tape recorder on. A transcript of the tape reveals that Neuhaus then inquired whether the tape recorder was on and, after plaintiff stated that the recorder was operating, indicated that the board desired that the meeting not be taped. After plaintiff protested, defendant Neuhaus directed the town constable to take whatever steps were necessary but that an arrest was not necessary to get the tape recorder. Plaintiff insisted on exercising his rights and remaining with the tape recorder or, as plaintiff put it, "You have to arrest me." The constable then informed plaintiff that he would be arrested if he persisted and, when plaintiff still refused to leave or turn the recorder off, plaintiff was arrested and charged with disorderly conduct. Plaintiff was eventually tried and acquitted.

As a result of this incident, plaintiff commenced this action for false imprisonment based on false arrest and malicious prosecution, claiming that he lost his job, suffered damage to his reputation, and was unable to find new work due to the incident. At the conclusion of the trial, defendants' motion for a directed verdict was denied and the jury returned a verdict in favor of plaintiff in the amount of $35,000 for compensatory damages and $65,000 for punitive damages, the latter award being against defendant Neuhaus alone (see *Sharapata v Town of Islip,* 56 NY2d 332). Defendants' motion to set aside the verdict as contrary to the weight of the evidence and excessive was denied. Plaintiff's motion to increase the *ad damnum* clause regarding punitive damages from $50,000 to $65,000 was granted and a final judgment was entered. This appeal by defendants followed.

Initially, we find no merit to defendants' claim that the trial court erred in failing to find, as a matter of law, that there was probable cause for plaintiff's arrest. Whether probable cause existed depends on whether there were "such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York,* 60 NY2d 78, 82). Although plaintiff did apparently have the authority to tape record, in an unobtrusive manner, a public meeting (see, e.g., *People v Ystueta,* 99 Misc 2d 1105; Committee on Public Access to Records, Advisory Opinion on Open Meetings Law, No. 380, Sept. 20, 1979; No. 367, Aug. 15, 1979; see, also, 1980 Opns Atty Gen 145), plaintiff could not, with intent to cause public inconvenience, annoyance or alarm and without lawful authority, disturb any lawful assembly or meeting of persons (see Penal Law, § 240.20, subd 4). In light of the facts that plaintiff had authority to tape record the meeting and there is a dispute over the nature and content of the conversation which occurred prior to the meeting between plaintiff and defendant Neuhaus, it cannot be said, as a matter of law, that there was probable cause to arrest plaintiff. Accordingly, the trial court properly left to the jury the issue of determining whether a reasonably prudent person in similar circumstances would believe plaintiff was guilty and, thus, whether there was probable cause. We further reject defendants' argument that the trial court erred in submitting the issue of malice to the jury, inasmuch as malice may be inferred from a finding of no probable cause (*Martin v City of Albany,* 42 NY2d 13, 17) and there was, as discussed above, no error in submitting the issue of probable cause to the jury.

We also disagree with defendants' claim that the false imprisonment cause of action should have been dismissed because plaintiff voluntarily subjected himself to arrest. Plaintiff's version of the incident is that although he did not resist being arrested, he did not voluntarily submit to the arrest and he intended to exercise his rights to stay at and tape record the meeting. It was within the province of the jury to decide whether plaintiff voluntarily accompanied the town constable. Defendants' reliance on *Farina v Saratoga Harness Racing Assn.* (20 AD2d 750) is misplaced, for the plaintiff therein voluntarily accompanied the defendant's security guards to clear himself, which is not the situation in the instant case.

We further find that it was not error for section 63 of the Town Law and section 95 of the Public Officers Law[*] to have been read

---

[*] Effective September 1, 1984, section 95 has been renumbered as section 100 (L 1983, ch 652, § 1).

to the jury, for these statutes were relevant as to plaintiff's perception of his right to tape record the meeting. Likewise, the work expectancy and life expectancy tables were relevant to the issue of damages. There was also no impropriety in plaintiff making a "unit of time" argument in his summation, inasmuch as no specific monetary value for each unit was suggested (*Tate v Colabello,* 58 NY2d 84, 88), or in stating the amount demanded as damages, especially considering the jury instructions on damages (*id.,* at pp 87-88).

We also find no error in the omission of a portion of the pattern jury instruction on malicious prosecution (see 2 NY PJI 3:50 [2d ed], p 795), inasmuch as the charge given properly conveyed to the jury the substance of the rule and there is no requirement that the pattern jury instructions be explicitly followed (see *Ellis v Di Chiara,* 38 AD2d 780, 780-781). Moreover, the trial court was correct to charge on punitive damages for the jury was properly considering whether defendants acted with malice as part of the malicious prosecution cause of action (see *Nardelli v Stamberg,* 44 NY2d 500, 503). It was also proper not to charge as defendants requested on the false imprisonment issue since defendants' request presented a biased view of the facts. The court's failure to submit special findings to the jury cannot be deemed an abuse of discretion (see 8 Carmody-Wait 2d, NY Prac, § 58:12, p 329). We further find no error in the trial court's refusal to charge that the town attorney's advice concerning the propriety of tape recording the town board meeting could be considered to negate any malice on defendants' part. The record reveals that the town attorney had given advice only on the issue of whether the town clerk could use a tape recorder at town meetings. Because there was no evidence that the town attorney had given advice pertaining to the situation giving rise to the instant action, it was proper for the trial court to refuse to charge that the town attorney's advice could be considered to negate malice.

Finally, we are of the view that the verdict was excessive and must be modified. Considering the facts and background of this case, the $35,000 compensatory damage award must be reduced to $15,000 (see *Hallenbeck v City of Albany,* 99 AD2d 639, 640) and the $65,000 punitive damage award, which was such "as to show by its very exorbitancy that it was actuated by passion" (1 Clark, New York Law of Damages, § 56, p 102; see *Nardelli v Stamberg, supra,* pp 503-504; Restatement, Torts 2d, § 908, Comment *d;* see, also, 36 NY Jur 2d, Damages, § 183, pp 308-310), must be reduced to $1,000.

Judgment modified, on the law and the facts, by reversing so much thereof as awarded plaintiff $35,000 compensatory dam-

ages and $65,000 punitive damages, and a new trial ordered only with respect to the issue of damages unless, within 20 days after the service of a copy of the order entered herein, plaintiff shall stipulate to reduce the amount of the verdict to $15,000 compensatory damages and $1,000 punitive damages, in which event, the judgment as so reduced, is affirmed, without costs.

Appeal from order dismissed as academic, without costs. Main, Mikoll and Levine, JJ., concur. Mahoney, P. J., concurs in part and dissents in part in the following memorandum; Kane, J., dissents and votes to dismiss in a separate memorandum.

Mahoney, P. J. (concurring in part and dissenting in part). While I concur with the majority's view that plaintiff sustained his burden of proving a cause of action against defendant Town of Bethel, I agree with the dissent's observation that since the court charged, without exception by defendants, that if the jury found against either the town constable or supervisor on either cause of action, their verdict must be against the Town of Bethel, it was inappropriate to interpret the jury's verdict as assessing punitive damages against defendant George Neuhaus, the town supervisor. The jury's verdict was in the singular and must be construed as identifying only defendant Town of Bethel. Of course, only compensatory damages can be assessed against such a defendant.

Kane, J. (dissenting). This action is against the Town of Bethel, its town board, and George Neuhaus, individually and as Supervisor of the Town of Bethel. In its charge to the jury, the trial court advised the jury as to the liability of one directing the arrest of an individual by a police officer, as distinguished from the situation when such an individual merely gives information to an officer, leaving it to the officer to act or not as he deems fit. The court then stated, "You will recall Supervisor Neuhaus said to the police officer, 'Officer Newenhoff, do what you think is necessary'." At the request of plaintiff, the court also charged that the town constable and supervisor, if acting within the scope of their employment at the time, are agents of the town, and that if they found against either the constable or the supervisor on either cause of action, their verdict would automatically be against the Town of Bethel, as they are agents or employees of the town. There was no exception to this charge and no suggestion in the record that the constable and the supervisor were at any time not acting in their official capacities. The jury was out less than one hour, including the time required to submit a question and receive an answer from the court, and returned a verdict in the following form: "We, the jury, find the defendant guilty on both counts, false arrest,

malicious prosecution. Damages to be awarded in the first cause, compensatory in the amount of 35,000, punative [*sic*] damages in the second cause to the amount of 65,000." There were no objections to the form of the verdict, and after polling the jury, it was apparently recorded.

Since there were no special findings submitted to the jury, under the charge of the court, their verdict was against the Town of Bethel and only the Town of Bethel. Therefore, the entry of judgment against the Town Board of the Town of Bethel and George Neuhaus is improper under the verdict returned by the jury. Moreover, only compensatory damages can be awarded, since there cannot be an award of punitive damages against a municipality (*Sharapata v Town of Islip,* 56 NY2d 332). Consequently, there can be no judgment entered on the second cause of action for malicious prosecution.

As to the cause of action for false imprisonment, both the trial court and plaintiff's counsel agreed that there was no dispute as to what actually happened at the town board meeting on February 6, 1980 with respect to the circumstances leading to plaintiff's arrest. The occasion was tape recorded by plaintiff and the tape was admitted into evidence. Accordingly, it was improper to submit to the jury whether the facts and circumstances proved established reasonable cause, since when the facts are not in dispute, reasonable cause is a question of law for the court (*Tyson v Bauland Co.,* 186 NY 397; *Veras v Truth Verification Corp.,* 87 AD2d 381, affd 57 NY2d 947; *Langley v City of New York,* 40 AD2d 844; affd 34 NY2d 885; see, also, *Smith v County of Nassau,* 34 NY2d 18).

Thus, this matter distills to the question of whether the town constable possessed reasonable cause to believe that the crime of disorderly conduct was committed in his presence (CPL 140.10, 140.25). In my view, the transcript of the tape which recorded exactly what transpired prior to and at the time of the arrest is sufficient to induce a prudent and cautious man to believe he had probable cause to make an arrest for disorderly conduct, intentional conduct which disturbed the lawful meeting of the Town Board of the Town of Bethel. Therefore, for the reasons stated, and since, in my view, there was reasonable cause to make the arrest, as a matter of law, the complaint should be dismissed (*Veras v Truth Verification Corp., supra*).[*]

---

[*] Having found, as a matter of law, the existence of probable cause for the arrest and subsequent prosecution, the cause of action for malicious prosecution must also be dismissed on the merits (see *Broughton v State of New York,* 37 NY2d 451, 457, cert den 423 US 929).