■ VIRGINIA MITCHELL et al., Respondents, v BOARD OF EDUCATION OF THE GARDEN CITY UNION FREE SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Education of the Garden City Union Free School District prohibiting the use of tape recorders at its public meetings, the appeal is from a judgment of the Supreme Court, Nassau County (Pantano, J.), entered May 7, 1984, which granted the petition, annulled the resolution, and directed the appellants to allow petitioners to tape-record public meetings conducted by the Board of Education.

Judgment affirmed, with costs.

We agree with Special Term's conclusion that appellants have offered no justifiable basis for prohibiting the use of unobtrusive, hand-held tape-recording devices at its public meetings *(see, People v Ystueta,* 99 Misc 2d 1105; Committee on Open Government, Advisory Opinion on Open Meetings Law, Oct. 27, 1983; 1980 Opns Atty Gen 145; *see also, Feldman v Town of Bethel,* 106 AD2d 695).

While the Board of Education has supplied this court with a battery of reasons supporting its position, its resolution prohibiting the use of tape recorders at its public meetings was far too restrictive, particularly when viewed in light of the legislative scheme embodied in the Open Meetings Law (Public Officers Law art 7), which was enacted and designed to enable members of the public to "listen to the deliberations and decisions that go into the making of public policy" (Public

Officers Law § 100; *see also, Matter of Orange County Pub. v Council of City of Newburgh,* 60 AD2d 409, *affd* 45 NY2d 947).

Contrary to appellants' assertions, the unsupervised recording of public comment by portable, hand-held tape recorders is not obtrusive, and will not distract from the true deliberative process of the body *(cf. Matter of Davidson v Common Council,* 40 Misc 2d 1053, 1056). Those who attend such meetings, and who decide to freely speak out and voice their opinions, fully realize that their comments and remarks are being made in a public forum. The argument that members of the public should be protected from the use of their words, and that they have some sort of privacy interest in their own comments, is therefore wholly specious.

Nor are we persuaded by the appellants' contention that since recordings can be edited, altered, or used out of context, the Board was justified in forbidding their use altogether. Clearly if the Board were to prohibit the use of pen, pencil and paper, because of the potential for misquotation, such a restriction would be unreasonable and arguably violative of the 1st Amendment. A contemporaneous recording of a public meeting is undoubtedly a more reliable, accurate and efficient means of memorializing what is said at the proceeding. Once the information and comments are conveyed to the public, it should be of no consequence that they may subsequently be repeated, by means of replay, to those who were unable to attend. Furthermore, although the Open Meetings Law provides that a public body shall take minutes at all open meetings, and that such minutes shall be made available to the public *(see,* Public Officers Law § 106), the imposition of such a duty cannot fairly be construed as precluding all other methods of recordation.

While Education Law § 1709 (1) authorizes a board of education to adopt bylaws and rules for its government and operations, this authority is not unbridled. Irrational and unreasonable rules will not be sanctioned. Moreover, Public Officers Law § 107 (1) specifically provides that "the court shall have the power, in its discretion, upon good cause shown, to declare any action * * * taken in violation of [the Open Meetings Law] void in whole or in part". Because we find that a prohibition against the use of unobtrusive recording devices is inconsistent with the goal of a fully informed citizenry, we accordingly affirm the judgment annulling the resolution of the respondent Board of Education. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.