The Honorable Harry Wiggins State Senator, District 10 State Capitol Building, Room 423 Jefferson City, MO 65101
Dear Senator Wiggins:
This opinion letter is in response to your question asking whether a city council has the authority to prohibit citizens from videotaping an open meeting.
As you noted in your opinion request, Chapter 610, RSMo, requires the meetings of public governmental bodies, with certain listed exceptions, to be open to the public.
Section 610.011, RSMo 1994, provides:
 Section 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
Some states specifically provide in their open meetings law for the audio or video recording of open meetings. E.g., Ariz. Rev. Stat. Ann. sec. 38-431.01.E (1985); Cal. Gov't Code sec. 54953.5 (a) (West Supp. 1995); Ind. Code Ann. sec. 5-14-1.5-3 (a) (Burns 1994); La. Rev. Stat. Ann. sec. 42:8 (West 1990).
Missouri has no provision in Chapter 610, RSMo, or in any other chapter, specifically addressing the issue of whether citizens attending an open meeting of a public governmental body may record the meeting by audiotape or videotape. Nor do we find any Missouri appellate court opinions addressing the issue. However, courts in other states have allowed such audio and video recording of open meetings in the absence of a specific statutory provision.
Two New York courts have held that unobtrusive audiotape recording of public meetings must be allowed. Mitchell v. Boardof Education of Garden City Union Free School District,493 N.Y.S.2d 826 (N.Y.App. Div. 1985); People v. Ystueta,418 N.Y.S.2d 508 (N.Y. Dist. Ct. 1979). The Ystueta court noted that allowing such recording furthers the policy of New York's open meetings law. Id. at 509. In addition to these New York cases, other states have allowed audiotape recording of open meetings based upon the policy of their respective open meetings laws.Nevens v. City of Chino, 44 Cal.Rptr. 50 (Cal. Dist. Ct. App. 1965) (where machine was silent and unobtrusive)[1]; Belcher v.Mansi, 569 F. Supp. 379 (D. R.I. 1983) (construing policy of Rhode Island's open meetings law and allowing reasonable restrictions "to preserve the orderly conduct of a meeting by controlling noise levels, spatial requirements and the like").
New York has also addressed the issue of whether videotaping open meetings is allowed. In Peloquin v. Arsenault,616 N.Y.S.2d 716
(N.Y. Sup. Ct. 1994), a village had enacted a blanket ban on video recording of public meetings; the court held the ban to be unreasonable and violative of the open meetings law. Id. at 717. It quoted with approval an opinion on videotaping open meetings issued by the executive director of the state's Committee on Open Government, which stated:
 If the equipment is large, if special lighting is needed, and if it is obtrusive and distracting, I believe that a rule prohibiting its use under those circumstances would be reasonable. However, if advances in technology permit video equipment to be used without special lighting, in a stationary location and in an unobtrusive manner, it is questionable in my view whether a prohibition under those circumstances would be reasonable.
Id.
In Maurice River Township Board of Education v. MauriceRiver Township Teachers Association, 475 A.2d 59 (N.J.Super.Ct. App. Div. 1984), the board sought to prohibit the association from videotaping its open meetings. The court rejected the board's assertion that the camera would inhibit board members as well as members of the general public from fully participating in the meetings. Id. at 60-61. The court stated:
 Video cameras and recorders have become a commonplace item in our every day life. They are a common security device and confront us at the bank, in stores and even in apartment houses. Exposure to video recording of all of us is a normal occurrence on the streets and in public gatherings such as athletic contests and sporting events where participants and spectators are under constant television surveillance.
Id. at 61. The court held that the association had the right to videotape the board's open meetings. It added:
 However, we are of the opinion that the Board should be given the opportunity in the first instance to formulate reasonable guidelines for the videotaping of its proceedings. Such guidelines should include the number and type of cameras permitted, the positioning of the cameras, the activity and location of the operator, lighting and other items deemed necessary to maintain order and to prevent unnecessary intrusion into the proceedings.
Id.
Based on the policy set forth in Section 610.011, RSMo 1994, and the case law set forth by courts of other states, it is the opinion of this office that a city council does not have the authority to prohibit citizens from videotaping an open meeting in an unobtrusive manner.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] The specific California statute referred to on the previous page was not enacted until 1980.